■ The People of the State of New York, Respondent, v. Cosimo Mezzapella, Appellant. The People of the State of New York, Respondent, v. John Santaromita, Also Known as John Santonorita, Appellant.— Appeal by each defendant from a separate judgment of the Supreme Court,

Queens County, rendered September 27, 1962, after a jury trial, convicting him of robbery in the first degree, grand larceny in the first degree, and assault in the second degree (two counts), and imposing sentence. Judgments reversed on the law and the facts and a new trial ordered. Although the evidence as to the identification of the defendants as perpetrators of the crimes charged was sufficient as a matter of law to present an issue for determination by the jury (*People* v. *Seppi*, 221 N. Y. 62, 68; *People* v. *Lee*, 308 N. Y. 302), it was not entirely satisfactory, and it may not be said that errors committed at the trial did not affect defendants' substantial rights. Prior to and during trial the defendant Santaromita made clear the fact that he had no alias and was not also known by another name. When his pedigree was taken the prosecutor moved to amend the indictment to read that said defendant's true and correct name was John Santaromita. Under such circumstances it was error for the court to refer to " John Santaromita alias John Santonorita " during the charge (cf. *People* v. *Klukofsky*, 201 Misc. 457). The court also committed error in ruling that defendants' counsel should not mention in his summation the fact that at the police precinct the eyewitnesses to the crime had identified a named person who was not indicted as a participant in the crime in place of defendant Santaromita. Moreover, when the jury requested a reading of the testimony of one of the witnesses in regard to the questioning and identification at the police precinct, the court should not have curtailed the reading of said testimony. It was also improper for the prosecutor on summation to state that the two eyewitness victims of the crimes were "frightened and harried witnesses", without any justification in the record for such statement. In our opinion " the repeated improprieties had a decided tendency to blur the issue for decision and to prejudice the jury ", thereby depriving the defendants of a fair trial (*People* v. *Carborano*, 301 N. Y. 39, 42). Justice requires a new trial, even in the absence of exceptions to some of the improprieties mentioned (Code Crim. Pro., § 527; cf. *People* v. *Lee*, 4 A D 2d 770, affd. 4 N Y 2d 843). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.