William J. Burke, J.
This is an appeal from the judgment of conviction and the sentence entered in the Justice Court of the Town of Camillus after a jury verdict on August 15, 1974, wherein the defendants were found to be in violation of the town’s zoning ordinance (§ 26-15[i]).
Briefly stated, the facts indicate thát on August 15, 1973 the town’s zoning enforcement officer and building inspector filed an information with the Town of Camillus Justice Court charging the above defendants with having violated section 26-15(i) of the town’s zoning ordinance which had originally been adopted on September 1, 1961. The People contend that as a result of the adoption of this ordinance, the area in which the defendants have been conducting their business was zoned R-2 thus essentially restricting the use of property in that area for residential purposes. In conjunction with this zoning *24 ordinance section 26-15(i) was also passed in order to regulate uses not permitted under the new zoning restrictions, but that were allowed to continue so long as the nonconforming use was not expanded. The jury in the lower court found that defendant Fletcher Gravel Co., Inc. as the lessor and W. F. Saunders and Sons, Inc., the lessee of the instant property, in violation of section 26-15(i) in that they allegedly expanded their business and added structures, all in violation of the nonconforming use regulations. As a result of this verdict the defendants were fined $2,500 and ordered to cease and desist from carrying on any kind of business that is in violation of the town zoning ordinance and also to obtain permits for those buildings and structures that were erected without permits.
The defendants in this appeal have presented to the court a number of legal arguments upon which it is alleged that a reversal of the instant conviction would be warranted; the court will consider those arguments that it considers dispositive of the issues raised on this appeal.
The defendants contend, first of all, that the lower court committed an error when it denied the defendant’s motion to dismiss the instant information because it did not comply with the mandates of the CPL.
The lower court held the following portion of the instant information sufficient upon due consideration of the motion to dismiss:
"It appears that there have been several additions of structures on the premises since the Zoning Ordinance was passed on May 1, 1963. All buildings, uses and structures that have been added to the nonconforming use are in violation of Sec. 26-15-1 of the Camillus Zoning Code.
"The definition of a structure as defined in the Zoning Code is (anything constructed or erected with a fixed location on the ground or attached to something having a fixed location on the ground).”
The CPL provides a series of sections that clearly states what our law presently requires in order to sustain an information in the face of a motion to dismiss because of its legal insufficiency.
CPL 170.30 (subd 1) states in part:
"1. After arraignment upon an information * * * the local criminal court may, upon motion of the defendant, dismiss such instrument or any count thereof upon the ground that:
*25 "(a) It is defective, within the meaning of section 170.35.” CPL 170.35 (subd 1) states in part that:
"An information * * * is defective within the meaning of paragraph (a) of subdivision one of section 170.30 when:
"(a) It is not sufficient on its face pursuant to the requirements of section 100.40.”
CPL 100.40 (subd 1) states that:
"An information, or a count thereof, is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15[1] and
"(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
"(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
Thus, the CPL specifically states the requirements upon which an information’s sufficiency may be judged, and more specifically the Legislature clearly stated in CPL 100.40 (subd 1) that paragraphs (a), (b) and (c) thereof must all be complied with in order to sustain an information. Although the CPL sets out sufficiency requirements relative to informations even beyond the sufficiency requirement applicable to a felony complaint and misdemeanor complaints, the need therefor is clearly stated in the Practice Commentary (McKinney’s Cons *26 Laws of N Y, Book 11A, CPL 100.40, p 404) wherein it is stated: "The factual allegation of a felony complaint or misdemeanor complaint (together with those of any supporting depositions) must demonstrate reasonable cause to believe that the defendant committed the offense charged, but need not show a legally sufficient case or prima facie case (subd 4). An information, however, must demonstrate both reasonable cause and a legally sufficient case (sub 1). This distinction and the implications thereof as they appear in subsequent provisions represents a major innovation in New York procedure.” (Emphasis supplied.)
The commentator continues on to explain why in the case of an information it must demonstrate both reasonable cause and a legally sufficient case (p 405): "This instrument (information) not only commences a non-felony action, but, generally, also constitutes the instrument of ultimate prosecution in the local criminal court.” (See People v Niosi, 73 Mise 2d 604.)
Thus the importance of an information is apparent in that it serves as the instrument which initially commences the criminal action as well as the accusatory instrument upon which the charge is ultimately prosecuted. In accordance with the mandate of CPL 100.40 the instant information is defective in several respects. CPL 100.15 (subd 2) specifically states that the accusatory part must designate the offense charged. A reading of section 26.15(i) contains several unnumbered paragraphs setting out the various ways in which one could be charged with its violation. However, nowhere in the accusatory part of this information is it alleged with any particularity what offense is charged. This court believes that CPL 100.15 (subd 2) requires more than merely stating the section number of the alleged statute being violated, when upon a reading of the statute, its violation can occur by various forms of conduct. At the very least the language of the statute should be utilized to designate the "offense charged” in cases involving statutes containing language which designates several different forms of conduct constituting its violation.
Moreover and perhaps more importantly CPL 100.15 (subd 3) further requires that the factual part of the information must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support this charge. This requirement in the CPL has been taken from the reasoning enunciated in cases such as People v Schultz 301 NY 495, 497) wherein the court stated: " 'An information *27 must set forth the acts constituting the crime with the same clarity as an indictment * * * The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense * * * The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law.’ (People v Zambounis, 251 NY 94, 96, 97; and see People v Grogan, 260 NY 138, 142.)”
Thus the CPL requires facts of an evidentiary character. Furthermore and in conjunction with CPL 100.40 (subd 1, par [b]) the factual allegations must be of sufficient quality so as to provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information, and further under paragraph c that these allegations of fact be nonhearsay in nature and establish if true, every element of the offense charged and the defendant’s commission thereof. Thus as stated earlier the information must contain factual allegation establishing reasonable cause to believe that the defendant committed the crime and non-hearsay allegations of fact establishing a legally sufficient factual basis for supporting each of the elements of the crime charged and the defendant’s commission thereof. The instant information does not allege facts of an evidentiary character supporting or tending to support. the alleged violation of section 26-15(i), but merely states in a conclusory manner only that section 26-15(i) is being violated. Nor does this information contain nonhearsay factual allegations, if considered true, that establish every element of the offense charged, or reasonable cause to believe the defendant committed the alleged offense. (See CPL 70.10, subd 2.) It is readily apparent, therefore, how important it is for an information to designate the offense charged because it is only from this basis that a determination as to the sufficiency of the facts alleged to support each element of the offense can properly be made as well as the determination as to the reasonable cause to believe that the defendant is the one who committed the offense charged.
The instant information could have readily complied with the legislative mandates of the CPL as required by CPL 100.40 *28 by stating the nature of the additional structure, the character of the building or buildings alleged to have been enlarged; the use to which they had been previously used, the use to which they are presently being used, the use to which the land was previously used, the use to which the land is presently being used, by indicating the zone requirements before and the zone restrictions after the passage of the new zoning ordinance so as to provide a factual basis and setting upon which a factual allegation of changes in the use of structures would readily be predicated to show the degree and extent of the nonconforming use at the time the zoning ordinance was enacted in comparison to the alleged expansions of such nonconforming uses presently existing.
Furthermore this court rejects the contentions made by the People that because this information charges only a violation of the town zoning ordinance that strict compliance with the rules as set out in the CPL is unnecessary. As the court in People v Zambounis (251 NY 94, 97) states: "The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is fundamental, a basic principle of justice and fair dealing, as well as rule of law.” (See, also, People v McGuire, 5 NY2d 523.)
Additionally, CPL 100.45 (subd 4) states that the provisions of CPL 200.90 governing motions for bill of particulars are applicable to information. However as the Practice Commentary (McKinney’s Cons Laws of N Y, Book 11A, CPL 200.90, p 292) states: "A bill of particulars cannot, of course, serve to amend an indictment, nor can it ever cure a defective pleading.”
In essence, therefore, CPL 100.40 has stated specifically what an information must contain and these requirements must be satisfied from the face of the information or supporting depositions alone, and not from any other supplemental bill of particulars, and this requirement is jurisdictional and failure to comply with it cannot be corrected by any other means than the filing of a legally sufficient information.
The defendants-appellants contend further that the lower court committed an error when it did not dismiss this information as time-barred by the applicable Statute of Limitations. !
First of all, this court is of the opinion that an information *29 should specify the date of the alleged commission of the crime, or if the crime or crimes occurred over a period of time, then at least state the period during which the crimes are alleged to have occurred. Although a reading of CPL 100.40 does not specifically state that a date is required, as does CPL 200.50 (subd 6), relating to the contents of indictments, the courts of our State have consistently held that an information must contain a statement of when and where it is alleged that the acts were committed. (See People v Bevilacqua, 12 Misc 2d 558.) Thus, if another information is filed in this case, it should specify at least the period of time during which it is alleged that the zoning ordinance was or is being violated.
As stated earlier the defendant-appellant contends further that the lower court committed an error when it did not dismiss this information as time-barred.
Relative to this point, the court agrees with the appellant that a violation of the town’s zoning ordinance is in fact a violation under subdivision 3 of section 55.10 of the Penal Law and that therefore CPL 30.10 (subd 2, par [d]) is applicable wherein it is stated: "A prosecution for a petty offense must be commenced within one year after the commission thereof,!” (Emphasis supplied.)
To begin a discussion on the issue of the Statute of Limitations, the court in People ex rel. Reibman v Warden of County Jail (242 App Div 282, 284) stated that:
"In absence of statutes of limitations specifically applicable to criminal cases, a prosecution may be instituted at any time, however long after the commission of a criminal act. An act of limitation is an act of grace in criminal prosecutions * * * A Statute of Limitations in criminal cases, therefore, differs from one applicable to civil actions, for while the latter bars the remedy only and not the cause of action, a statute limiting criminal prosecutions destroys the right of action as well as the remedy * * * In other words, statutes of limitations in criminal cases differs from those in civil cases in that in civil cases they are statutes of repose while in criminal cases they create a bar to the prosecution.”
The court further stated that:
"Statutes of limitation are to be liberally construed in favor of the defendant, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition and notification by the Legislature of the fact that time, while it gradually *30 wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys proofs of guilt.”
Normally, a Statute of Limitations "begins to run on the day of the commission of the offense.” People v Steiger, 154 Misc 538, 541; Toussie v United States, 397 US 112; People v McAllister, 77 Misc 2d 142.) The time period set forth in our CPL begins to run from the time of the commission of the crime. CPL 30.10 (subd 2, par [d]) specifically states: "A prosecution for a petty offense must be commenced within one year after the commission thereof.” (Emphasis supplied.)
As a rule, there is no difficulty in fixing the date when the crime has been committed and is considered complete, since nearly every crime consists of a definite act or has a result, the occurrence of which is clearly determinable. On the other hand, there are some crimes which are continuous in nature and it is not always easy to determine precisely at which time they are completed. However, in the case of a continuous offense, it is the termination and not the starting date of the commission of a continuous crime which governs the application of the Statute of Limitations. (See People v Kirk, 62 Misc 2d 1078; People v Ingram, 74 Misc 2d 635; People v Gold Key Club, 2 Misc 2d 280 and People v Hines, 284 NY 93.)
Thus in dealing with crimes considered continuous in nature the statute does not begin to run from the occurrence of the initial act, which may itself embody all the elements of the crime, but from the occurrence of the most recent act. What then is a continuous crime? In State v Johnson (212 NC 566, 570) the court defined it as a "breach of the Criminal Law not terminated by single act or fact, but which subsists for a definite period and is intended to cover or apply to successive similar obligations or occurrences.” (See People v Ingram, 74 Misc 2d 635.) However courts are reluctant to designate an offense as continuous, because as the Supreme Court states in Toussie v United States (supra, p 115): "the doctrine of continuing offenses should be applied in only limited circumstances [because otherwise it] * * * extends the statute beyond its stated term.”
The court did not say that the continuing crime doctrine could not be applied to a particular offense, but "such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion.” (Toussie, supra, p 115.)
The appellant contends that the instant crime is not contin *31 uous in nature, and that the lower court erroneously characterized the charge as an expansion of a nonconforming business, because from that perspective, it was possible to create the artificial notion of a continuing offense. That the notion of continuance, as it relates to the term business, does not apply when the nonconformity involves a physical structure. Thus, the construction of an addition to a building for instance is an act with a discernible starting and completion date. That if the construction is illegally performed, the illegality of the act comes into existence at a fixed and definite point in time, i.e., day of completion. The appellant therefore contends that the Statute of Limitations began to run from the day of completion of any nonconforming addition, and that because it was not shown that any buildings were completed within one year of the filing of the instant information, that the action is time-barred. The People however contend that the instant violation is continuous in nature and that the structure does not lose its quality of illegality with the passage of time.
Briefly, a nonconforming use is a: "use of land which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although it does not comply with use restrictions applicable to the area in which it is situated.” (Anderson, New York Zoning Law & Practice [2d ed], § 6.01, p 164.)
This court is of the opinion that upon the state of the facts present at this time that the violation of the instant statute is continuous in nature. Although it might be stated that the completion date of a building is definite, an addition to a nonconforming use so long as it exists is on-going and continuous. The illegality of the nonconformity to the zoning regulations does not start from the completion of an enlargement of a nonconforming use, but subsists and comes into existence when the prohibited expansion begins and continues to be illegal after completion because of its very existence in a zone prohibiting its existence.
The defendants-appellants have a continuing duty not to expand a structure or expand the use of the instant property beyond that which was in existence at the time the instant zoning ordinance was enacted and it is apparent that such positive acts, if committed, were done for the purpose of gaining a tangible benefit which persists and it would be incorrect to say that the violation is not continuous so long as the unpermitted use is allowed. The cases cited by the defend *32 ant-appellant are persuasive in their language; however, this court feels that the reasoning set out in these decisions are not applicable to a violation of a zoning ordinance predicated on nonconforming uses. As Professor Anderson states at page 202 of his book previously cited (New York Zoning Law & Practice, § 621): "an existing lawful use may be continued as a nonconforming use, but the right established by an existing use is not without limitations. The established use may be continued; a different use is not authorized.”
The defendants-appellants’ present existence in the residential zone is predicated upon the theory of a nonconforming use, they would not dispute that their existence by virtue of the nonconforming use statute is continuous, it therefore would be inconsistent for them to say that an addition to an already continuous entity is any the less continuous in character.
Although this opinion as to the Statute of Limitations is based upon the facts presented at this time, the defendants-appellants are certainly not precluded from raising this issue in the lower court. CPL 170.30 (subd 1, par [d]) clearly states that: "After arraignment upon an information * * * the local criminal court may, upon motion of the defendant, dismiss such instrument or any count thereof upon the ground that: (d) The prosecution is untimely, pursuant to section 30.10.” (Emphasis supplied.)
Additionally, CPL 170.30 (subd 2) states: "A motion pursuant to this section should be made prior to entry of a plea of guilty or commencement of trial. A motion made thereafter may be summarily denied, but the court, in the interest of justice and for good cause shown, may in its discretion entertain and dispose of the motion on the merits at any time before sentence.”
Thus, it is clear from the CPL that it is the Judge in the lower court who will determine the issue as to the Statute of Limitations. However, the burden is on the People to prove that the prosecution is not time-barred.
Relative to the defendant’s objection to the original offering of an uncertified copy of a lease pertaining to the instant property, the record clearly shows that certified copies were later offered and accepted into evidence.
Furthermore as to the comments made by the prosecution attorney at the time of the initial offering of the uncertified lease, a review of the record in this case does not indicate that *33 the remarks were prejudicial to the defendant’s case and even if considered improper, most certainly were not so prejudicial to constitute reversible error.
The defendants-appellants further contend that a map entered into evidence by the prosecution violated the best evidence rule. The map in question contained markings and notations and contained rectangular figures representing certain buildings that were alleged to be presently on the defendant’s property, as well as a line allegedly indicating the Town of Camillus town line. The witness, one Sherman Saunders, admitted that he had made several notations on this map and identified his handwriting thereon and he further admitted that the notations as to the dimensions he had placed on the map were substantially accurate because he had paced them off himself.
As understood and applied in present day practice, the best evidence rule requires that whenever a party seeks to prove the contents of a writing, he must produce the original writing or satisfactorily account for its absence. (Richardson, Evidence, [9th ed], § 545.) As the court in People v Campbell (69 Misc 2d 808, 810) stated: "The best evidence rule applies only when a party seeks to prove the contents of a writing. It has no application where a party seeks to prove a fact which has an existence independently of any writing, and this is true even though a writing exists evidencing that fact (Richardson, Evidence [9th ed.], § 549).”
In the instant case the facts intended to be proved by the use of the instant map most certainly existed apart from their designations on this map. The defendants could very easily attack the validity and accuracy of these notations by cross-examination or by the use of another map or survey or by independent testimony of other witnesses. This court therefore is of the opinion that the best evidence rule was not violated here, and that it appears that the admission of the map was a question of weight to be given to it rather than a question of its admissibility.
The next argument this court will consider, relates to the validity of the sentence imposed upon the defendant in the lower court.
The lower court in its sentence ordered the defendants to cease and desist from carrying on any kind of business that is in violation of the town zoning ordinance, until such time as it becomes legal to carry on this type of business in that area; *34 also to obtain building permits for these buildings and structures that were erected without permits and the court also fined the defendants $2,500. The fine was imposed for the period from August 15, 1973 when the instant information was filed to August 15,1974 when the verdict was rendered.
Section 268 of the Town Law is the enabling legislation passed upon by our State Legislature in order to provide the local towns of our State with guidelines and the power to enact their own local zoning ordinances.
Subdivision 1 of section 268 of the Town Law states: "The town board may provide by ordinance for the enforcement of this article and of any ordinance or regulation made thereunder. A violation of this article or of such ordinance or regulation is hereby declared to be an offense, punishable by a fine not exceeding fifty dollars or imprisonment for a period not to exceed six months, or both. However, for the purpose of conferring jurisdiction upon the courts and judicial officers generally, violations of this article or of such ordinance or regulation shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to such violations. Each week’s continued violation shall constitute a separate additional violation.”
Addressing ourselves to the sentence imposed, this court believes first of all that the period for which the fine is imposed should be for a period of one year preceding the filing of the instant information, rather than for the period of one year subsequent to its filing. Relative to the amount of the fine, this court finds that it is proper and not excessive because this court is of the opinion, as stated earlier, that the offense is continuous and the language of subdivision 1 of section 268 of the Town Law states that each week’s violation constitutes an act upon which a fine of $50 results.
As to the remaining portion of the sentence, relating to the cease and desist orders and obtaining of building permits, it appears that such requests are beyond the remedies provided in subdivision 1 of section 268 of the Town Law.
As stated earlier, subdivision 1 of section 268 clearly states: "A violation of this article or of such ordinance or regulation is hereby declared to be an offense, punishable by fine not exceeding fifty dollars or imprisonment for a period not to exceed six months, or both.”
No provision is made in this enabling legislation for the imposition of a sentence beyond that which is specifically *35 provided. However, this is not to say that a local municipality is without recourse to seek such relief in that subdivision 2 of section 268 of the Town Law indicates that where a zoning ordinance is being violated, "the proper local authorities of the town * * * may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use, to restrain, correct or abate such violation, to prevent the occupancy of said building, structure, or land or to prevent any illegal act, conduct, business or use in or about such premises”.
Thus appropriate action may be taken, although perhaps not criminal in nature, to prevent what the town believes is a violation of its zoning ordinances.
This court has reviewed the remaining issues presented upon this appeal and finds them to be without merit.
Therefore, based on the foregoing opinion, this court is of the opinion that the information filed in the instant case was clearly insufficient under the mandates of our CPL. The judgment of conviction and the sentence thereon are vacated and the information dismissed.

. CPL 100.15 (subd 1) states in part "each instrument (information) must contain an accusatory part and a factual part.
"2. The accusatory part of each instrument must designate the offense or offenses charged* * *
“3. The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character or tending to support the charges. Where more than one offense is charged, the factual part should consist of a single factual account applicable to all counts of the accusatory part. The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief. Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.” (Emphasis supplied.)