OPINION OF THE COURT
Eugene Nardelli, J.
The defendant is charged with a number of crimes and motor vehicle law violation. The issue presently before the court is whether the accusatory instrument concerning the alleged violation of section 392 of the Vehicle and Traffic Law for altering an operator’s license may be amended, after both the People and the defendant have rested, but before closing arguments, to correct errors in the accusatory part of the information designating the offense as “M.V.L. § 509 (1) — unlicensed driver”, to conform with the factual part of the instrument which alleges that the defendant altered an operator’s license. The court holds that this amendment cannot be made and this error cannot be disregarded.
Under CPL 100.45 (subd 3), the accusatory part of the instrument may be amended “[a]t any time before * * * commencement of a trial”. This provision must be strictly construed. (See People v Harper, 37 NY2d 96.) The accu *352 satory instrument must be sufficient and valid for the court to obtain jurisdiction over the defendant. A valid accusatory instrument must “designate the offense or offenses charged” in addition to having factual allegations which “must contain a statement.of the complainant alleging facts of an evidentiary character supporting or tending to support the charge.” (CPL 100.15; see People v Fletcher Gravel Co., 82 Misc 2d 22.)
The People also argue that the failure to designate the proper statutory section and offense designation is a mere irregularity. The court rejects this proposition. Other courts have held that it is necessary to use the “language of the statute” in designating the offense. (See People v Fletcher Gravel Co., supra.) Here the words used were “unlicensed driver” not “altering a license.” Another court of this State held that a count other than a lesser included charge, may not be added after the People have rested, although the charge sought to be added was adequately supported in the factual part of the accusatory instrument. (People v Davis, 82 Misc 2d 41.)
The court notes that there are a number of old cases which hold that defects in the accusatory part of the instrument are mere irregularities and are amendable. However, the Legislature enacted CPL 100.45 in 1970, effective September 1, 1971. Prior to this there was no comparable section in the Criminal Code. (See Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 100.45; compare People v Love, 306 NY 18; People v Easton, 307 NY 336; People v Demar, 65 Misc 2d 465; People v Blattman, 50 Misc 2d 606; People v Adler, 174 App Div 301; People v Miller, 143 App Div 251, affd 202 NY 618.) The foregoing cases, and the rule of law they represent would seem to be outmoded in light of the enactment of the CPL and developments in constitutional law.
The court is aware that in this case, the defendant is perfectly well aware that he was charged with altering a driver’s license, and the error in designating the section title and number does not actually prejudice the defendant. However, the court is constrained to follow the will of the Legislature and. the guidance of the courts of this State, *353 even though the result may run somewhat contrary to the courts instincts as to what decision best serves the interests of justice. The court further notes that a different result might be reached if the error in the accusatory part of the instrument were clearly typographical, rather than an error in citing the wrong section of the law and its interpretation and application.