OPINION OF THE COURT
William D. Friedmann, J.
The sole issue before the court is whether the defendant must be released on his own recognizance from the custody of the New York City Department of Correction pursuant to CPL 170.70. This section, which became effective September 1, 1971, provides as follows:
“Upon application of a defendant against whom a misdemeanor complaint is pending in a local criminal court, and who, either at the time of his arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of the action, and who has been confined in such custody for a period of more than five days, not including Sunday, without any information having been filed in replacement of such misdemeanor complaint, the criminal court must release the defendant on his own recognizance unless:
“1. The defendant has waived prosecution by information and consented to be prosecuted upon the misdemeanor complaint, pursuant to subdivision three of section 170.65; or
*864 “2. The court is satisfied that there is good cause why such order of release should not be issued. Such good cause must consist of some compelling fact or circumstance which precluded replacement of the misdemeanor complaint by an information * * * within the prescribed period.”
FACTS
Defendant was arrested on August 13,1981 and charged in a felony complaint with violations of the following sections of the Penal Law: (1) grand larceny in the second degree (Penal Law, § 155.35), (2) petit larceny (Penal Law, § 155.25), (3) unauthorized use of a vehicle (Penal Law, § 165.05), (4) criminal possession of stolen property in the first degree (Penal Law, § 165.50) and (5) criminal possession of stolen property in the third degree (Penal Law, §165.40).
On August 14,1981 the defendant was arraigned on this felony complaint and afterwards was remanded pending further disposition of the action to the custody of the New York City Department of Correction being unable to post bail in the amount of $1,000. The matter was then adjourned to an all-purpose intake part until August 19, 1981.
On August 19,1981 the felony complaint was reduced to misdemeanor level pursuant to CPL 180.50. As a result of this reduction, the defendant was charged in a misdemeanor complaint with petit larceny, criminal possession of stolen property in the third degree and unauthorized use of a vehicle, all class A misdemeanors (CPL 180.50, subd 3, par [b]). Still unable to post bail, the defendant remained incarcerated in the custody of the Department of Correction.
After one more adjournment in all-purpose Part 6 on August 21, 1981 for possible plea disposition, the case appeared before me in jury assignment Part I on August 24, 1981 at which time the defendant orally moved this court for an order of release pursuant to CPL 170.70. It was the defendant’s contention that he had been incarcerated for a period of more than five days without any information having been filed by the District Attorney in replacement *865 of the misdemeanor complaint pending against him. The People resisted the defendant’s application arguing that an information was indeed in existence as of the date the felony complaint was reduced to misdemeanor level on August 19, 1981 on the basis of the reduced felony complaint taken together with a supporting deposition of the same date filed by the alleged owner of the property in question. As the five-day statutory period of CPL 170.70 had not yet elapsed, this court adjourned the matter to August 25, 1981 permitting both sides to renew their arguments and cautioning the District Attorney to file any documentation deemed necessary to cure alleged defects in the accusatory instrument.
On August 25,1981 the District Attorney filed what was described as a “supplemental complaint” in an attempt to cure defects in the misdemeanor complaint and elevate it to the status of an information. Oral argument was then held before me as a result of which this court paroled the defendant pursuant to CPL 170.70.
THE PARTIES’ CONTENTIONS
At the oral argument, the defendant advanced the following contentions in support of his motion for an order of release: (1) the defendant, who had not waived prosecution by information and against whom a misdemeanor complaint was pending, had been incarcerated for a period of more than five days without any information filed in replacement of the misdemeanor complaint; (2) the misdemeanor complaint and supporting deposition of the alleged property owner failed to establish every element of the offenses charged and the defendant’s commission thereof by the omission of an allegation of defendant’s possession of the property in question; and (3) the People’s “supplemental complaint”, filed in an attempt to cure defects in the misdemeanor complaint so as to raise it to the level of an information, aside from being untimely under CPL 170.70, did not operate to cure any hearsay allegations of the misdemeanor complaint since it (the “supplemental complaint”) contained alleged statements made by the defendant to the deponent, the arresting officer.
The People answered these contentions and raised the following arguments in opposition to defendant’s applica *866 tion: (1) an information was indeed in existence as early as August 19, 1981, the date the felony complaint was reduced to misdemeanor level, evidenced by the reduced felony complaint itself taken together with the property owner’s supporting deposition; (2) any defects in the misdemeanor complaint were cured by the filing of a “supplemental complaint” dated August 25, 1981 sworn to by the arresting officer and alleging possession of a 1975 Oldsmobile through defendant’s own statements allegedly made to the officer at the time of his arrest; and (3) defendant’s statements contained in the “supplemental complaint” constitute competent proof in an information.
THE COURT’S DECISION
After careful consideration of all the arguments, it is the opinion of this court that the defendant had been confined in the custody of the Department of Correction for a period of more than five days, not including Sunday, without any information having been filed in replacement of the misdemeanor complaint pending against him. As a consequence, the statute requires that the defendant be released on his own recognizance, there being no compelling fact or circumstance which precluded replacement of the misdemeanor complaint by an information within the prescribed period (CPL 170.70).
Under the statutory scheme of CPL 170.70, an incarcerated defendant against whom a misdemeanor complaint is pending is entitled to release on his own recognizance upon a failure of the People to replace that complaint within five days, excluding Sunday, with an information. As the five-day period commences on the date of filing of the misdemeanor complaint, the task of determining whether such release is appropriate involves a simple computation and an understanding of several CPL sections, namely, CPL 100.15 (entitled Information, misdemeanor complaint and felony complaint; form and content), CPL 100.20 (entitled Supporting deposition; definition, form and content), CPL 100.40 (entitled Local criminal court accusatory instruments; sufficiency on face) and CPL 180.50 (entitled Proceedings upon felony complaint; reduction of charge).
In the case at bar, the defendant was arraigned on a felony complaint which was later reduced on August 19, *867 1981 pursuant to CPL 180.50 (subd 3). As a result of the reduction, the felony complaint was replaced with a new accusatory instrument (CPL 180.50, subd 3, par [d]). It is the opinion of this court that on August 19, 1981 a misdemeanor complaint came into existence and not an information as contended by the People (CPL 180.50, subd 3, par [b]). For an information to exist, it is required to allege not only reasonable cause to believe that a crime has been committed but also a prima facie, that is, a legally sufficient, case (People v Fletcher Gravel Co., 82 Misc 2d 22). The misdemeanor complaint in the case at bar failed to allege each and every element of the offenses charged and therefore could not rise to the level of an information absent some curing deposition.
Accordingly, having only a misdemeanor complaint in existence as of August 19, 1981, the People had until August 24,1981 to replace it with an information. This the People failed to accomplish and as a result, on August 25, 1981, the defendant’s CPL 170.70 right of release attached.
Because defendant’s right of release under CPL 170.70 attached on August 25,1981, the court finds it unnecessary to speculate as to the nature and effect of the People’s self-described “supplemental complaint” filed on the afternoon of August 25, 1981. Its untimely filing prevented its consideration. However, for whatever it may be worth, this court feels compelled to note the dangers inherent in such amendments taken from the alleged mouths of defendants in order to support a prima facie case against them. That tactic could soon lead us back to the days when the search for truth amounted to little more than a swearing contest among opposing witnesses. The better practice, this court believes, is to require timely and sufficient informations without resort to llth-hour assists based upon alleged admissions of defendants.