*530 OPINION OF THE COURT
Luke M. Charde, J.
The defendant, by a writ of habeas corpus, seeks release on his own recognizance pursuant to CPL 170.70.
The facts adduced upon the return of the writ are as follows: The defendant was arrested on March 17, 1986 and charged with a felony with bail being set at $1,500. A felony hearing was scheduled pursuant to CPL article 180 for March 21, 1986. Upon the scheduled date, but before the commencement of the hearing the charges were reduced to a lesser included misdemeanor and bail was set at $1,000. The charges were reduced pursuant to CPL 180.50 (3) (b) by converting the felony complaint to a misdemeanor complaint and the defendant was arraigned thereon.
The relator in the petition for the writ alleges that the defendant has been held on bail for more than five days without the filing of an information and is therefore entitled to be released on his own recognizance pursuant to CPL 170.70. The People argue that the five-day period contemplated by CPL 170.70 commenced on the arraignment on the misdemeanor complaint (Mar. 21, 1986) and not on the arraignment on the felony complaint (Mar. 17, 1986).
The Legislature had made it clear that defendants are not to be held in jail for extended periods on mere complaints. On felony charges a prompt hearing with nonhearsay evidence is required pursuant to CPL 180.60 (8) or the defendant is to be released (CPL 180.80). On misdemeanor charges the complaint must be replaced with an information promptly or the defendant must be released (CPL 170.70). In both situations the defendant may be held for approximately five days and then must be released if no hearing is held or information filed.
In the present case, the defendant was held in jail for four days on a felony complaint before the charges were reduced to a misdemeanor. No new accusatory instrument was filed. The felony charge was reduced to a misdemeanor charge by "converting” the same document, pursuant to CPL 180.50 (3) (b), to a misdemeanor complaint. The same hearsay allegations form the basis of the reduced charge. It would be a clear anomaly and miscarriage of justice to allow the defendant to again be held for another five days to enable the People to file an information when the charges have been reduced. The two separate five-day periods provided for in CPL 170.70 and 180.80 serve the same single purpose, namely, to enable the People to put together nonhearsay sworn statements to sub *531 stantiate the charges. In such a situation it defies logic and basic principles of justice to allow the People to effectively double their time allotment by reducing the charges. People cite People v Matthews (110 Misc 2d 863 [Bronx Crim Ct 1981]) to substantiate their position.
Fortunately, CPL 170.70 provides the answer in unambiguous language. Contrary to the contention of the People, the five-day time period in CPL 170.70 does not commence with the arraignment on the reduced charge but rather commences with the defendant’s confinement and therefore relates back to the defendant’s confinement following arraignment on the felony complaint on March 17, 1986. Although the words "subsequent thereto” in CPL 170.70 may seem to negate a reading of the statute to include "prior thereto” it seems clear that "subsequent thereto” is intended to address incarcerations on bail revocations and not intended to help define the commencement of the five-day period.
The application in the writ is granted. The defendant is ordered to be released on his own recognizance pursuant to CPL 170.70.