OPINION OF THE COURT
Jo Ann Ferdinand, J.
The accusatory instrument filed in this case charges the defendant with reckless driving in violation of Vehicle and Traffic Law § 1190, in addition to a variety of traffic infractions allegedly committed on June 10, 1989. The nonjury trial commenced, as defined by CPL 1.20 (11) when the People’s first witness was sworn. Defendant thereupon moved to dismiss the charge of reckless driving upon the grounds that Vehicle and Traffic Law § 1190 was repealed and a new *768 reckless driving charge enacted as Vehicle and Traffic Law § 1212, effective November 1, 1988, and thus the accusatory instrument failed to properly charge this crime. Defendant contends the People are prohibited by CPL 100.45 (3) from amending the information since the trial had commenced. Initially the People argued that there was no need to amend the information because it contained a charge of reckless driving, but then asked the court to permit an amendment to change the designation of Vehicle and Traffic Law § 1190 to Vehicle and Traffic Law § 1212.
The crime of reckless driving as defined in Vehicle and Traffic Law § 1190 was unchanged when the new law, Vehicle and Traffic Law § 1212, was enacted. In effect section 1190 was renumbered section 1212. Accordingly, the factual allegations in the information on trial before the court set forth the crime of reckless driving in satisfaction of CPL 100.15 (3). The accusatory part of the information designates the offense as Vehicle and Traffic Law § 1190, reckless driving. The issue is whether an amendment of the accusatory part of the information to reflect the renumbered section Vehicle and Traffic Law § 1212 is prohibited once the trial has commenced.
CPL 100.45 (3) permits an, "amendment of the accusatory part of [an] information by addition of a count charging an offense supported by the allegations of the factual part of such information” before the commencement of the trial. The Court of Appeals held, in People v Harper (37 NY2d 96 [1975]), that amendments of informations within the scope of CPL 100.45 (3) can only be accomplished by compliance with the requirements of that section. The amendment of an information to change the title and number of the statute charged was found to be governed by CPL 100.45 (3) and was prohibited during trial in People v Law (106 Misc 2d 351 [Crim Ct 1980]). Thus defendant argues that this provision must be strictly construed to prohibit any amendment of an information once the trial commences.
The information in this case properly names the title of the crime charged; only the numerical designation is in error and sought to be amended. The People do not seek to add a count to the information — the count of reckless driving is already contained in both the accusatory and factual parts of the information. CPL 100.45 (3) does not apply to an amendment changing the number of a statute already charged by name. The court finds that the proposed amendment here is not of the kind specified in CPL 100.45 (3).
*769 The information in this case is sufficient on its face (CPL 100.15, 100.40) and thus the defect is of a type that may be cured by amendment (CPL 170.30 [1] [a]). The defendant is clearly on notice of the crime with which he is charged since the mislabeled section in no way affects the obvious purport of the information. The proposed amendment here is a defect or error which relates to a matter of form and neither changes the theory of prosecution or prejudices the defendant on the merits and would be permissible even during trial under CPL 100.45 (2) and 200.70 (1) were the accusatory instrument a prosecutor’s information or an indictment. (See, People v Shannon, 129 Misc 2d 289, affd 127 AD2d 863 [2d Dept 1987].) The defendant here as in Shannon "was clearly aware of the erroneous designation * * *. Accordingly, he is in no way prejudiced or misled.” (127 AD2d, supra, at 863.)
No provision in the CPL specifically governs amendments of informations (as opposed to prosecutor’s informations) of the sort described in CPL 200.70 (1). However, the court finds persuasive the holding in People v Twine (121 Misc 2d 762, 767 [Crim Ct 1983]) that CPL 100.45 (2) was intended to apply to informations and other accusatory instruments. Accordingly, the court finds that an amendment of the information to change the statutory citation to properly reflect the renumbered charge is permissible during trial.
Therefore defendant’s motion to dismiss is denied and the People’s motion to amend the information is granted.