*650 OPINION OF THE COURT
David Goodsell, J.
Gerónimo Almendarez seeks a dismissal of the action against him based upon a variety of grounds including a legal impediment prevents prosecution (CPL 170.30 [1] [f]), the information is defective (CPL 170.35 [1] [a]) and in the interests of justice (CPL 170.40).
The prosecution opposes the application by indicating the movant is not the true defendant in the action. The prosecution contends the proper party is the person arraigned who is not moving to dismiss. Finally, the People seek amendment of the simplified information to change the name of the defendant.
Facts
On May 23, 2008 at 2:57 a.m., an individual carrying the driver’s license of Gerónimo Almendarez was stopped at Greenwich and Oak Streets in the Village of Hempstead, Nassau County, New York for failing to wear a seat belt (Vehicle and Traffic Law § 1229-c [3]) and operating a vehicle with a cracked front windshield (Vehicle and Traffic Law § 375 [22]). Upon approaching the vehicle, Police Officer Raymon Buttacavoli observed the driver to have glassy eyes. The driver responded to questions with slurred speech and an odor of alcohol emanated from him. After he failed standard field sobriety tests, the police arrested the driver.
Arraignment of the driver took place on May 23, 2008. Bail was set and posted. Thereafter, Gerónimo Almendarez came forward and claimed he did not drive the vehicle which was stopped by the police on May 23, 2008. Gerónimo claimed his brother Cleofe Almendarez used Geronimo’s license and identity. Gerónimo submits an affidavit which indicates he learned of his brother’s arrest when tickets turned up in Geronimo’s mailbox a couple of days after the arrest. Cleofe called Gerónimo a couple of days later according to the affidavit submitted in the moving papers. Cleofe advised Gerónimo that Cleofe used Geronimo’s license and was arrested for DWI. While no proof of identity is offered in support of the motion to dismiss by Gerónimo, the People concede that Gerónimo did not operate the vehicle and that Cleofe Almendarez did. The concession by the prosecution of the identity of the driver followed a preliminary determination of the present motion. The preliminary determination ordered a hearing to determine that Gerónimo did not operate the vehicle in question and was not arrested due to ambiguities *651 in the submitted papers. The prosecution conceded the point rather than proceed to hearing. A decision on the merits of the motion is now rendered.
Analysis
The issue before the court is whether the prosecutor may maintain a criminal proceeding via simplified information against a defendant who has assumed the identity of another individual. The follow-up question is whether a prosecutor may amend a simplified information to change the name of the defendant. The answer to both questions in the circumstances of this case must be no for the reasons set forth below.
The problem of a form of identity theft has arisen on several occasions already this year acquiring the informal title of “Right Guy-Wrong Guy” cases. Despite the frequency of encountering these identity cases, no reported cases have addressed the issue presented by this case.
Simplified traffic informations are written accusations by a police officer or authorized individual charging a person with one or more traffic infractions or vehicular misdemeanors in a brief or simplified form prescribed by the Commissioner of Motor Vehicles. (CPL 1.20 [5] [b]; 100.10.) A simplified traffic information designates offenses charged, but contains no factual allegations of an evidentiary nature supporting the charges unless a supporting deposition is demanded. (CPL 100.10, 100.25 [2].) A simplified traffic information may serve in whole or in part as the basis of prosecution. (CPL 100.10.)
Among the information contained within the New York State Department of Motor Vehicles simplified traffic information form is the name, address and driver’s license number, as well as the date of birth and license expiration date. Vehicular registration information is also listed on the simplified information. Beneath the personal and vehicular data are the words, “the person described above is charged as follows.” The notations written below the charging language contain the time, date, and section of law violated followed by the description of the offense and the place of occurrence.
The simplified information becomes in part the basis for a license suspension where, as here, Vehicle and Traffic Law § 1192 (2) is charged. Vehicle and Traffic Law § 1193 (2) (e) requires the suspension of the driver’s license pending prosecution of any individual charged with violating Vehicle and Traffic Law § 1192 (2).
*652 The interplay of the true identity of a driver and the driver’s license becomes a critical distinction because not only is the body of the driver subjected to detention, but the license to operate a motor vehicle can be suspended or even revoked. Where the body of the driver has assumed the identity of another, an innocent person is penalized.
The overlap of the naming of Gerónimo Almendarez as the defendant while charging the person of Cleofe Almendarez with violating Vehicle and Traffic Law § 1192 (2) makes Gerónimo an aggrieved person whose privileges to legally operate a motor vehicle have been suspended. Gerónimo therefore must have the right to challenge the prosecution of his name, his driver’s license and thus his identity. Without the right to come forward and reveal the false use of an identity, Gerónimo is plagued with the misdeeds and potential effects a conviction might bring. Prosecuting Cleofe in the name of Gerónimo essentially leaves Cleofe to invest only his time while Gerónimo receives the penalties accruing by fines, suspension of and revocation of his license.
The possessory interest of Gerónimo in his license gives rise to the standing necessary to raise the issue and seek dismissal of the case brought against his identity.
A prosecutor has the ethical obligation not to maintain a criminal action when the prosecutor knows or it is obvious that the charge is not supported by probable cause. (Rules of Professional Conduct rule 3.8 [22 NYCRR 1200.30].) While the prosecutor here admits the defendant is Cleofe Almendarez, and the criminal proceeding should name him and not his brother, the prosecutor resists dismissing the action naming Gerónimo.
The prosecution does not suggest in the present case that Gerónimo is complicit in switching identities with his brother. However, the District Attorney simply wants to amend the sworn statement of the arresting officer.
Statutorily, the Criminal Procedure Law gives the right to specifically amend a prosecutor’s information. (CPL 100.45 [2].) Amending an information under CPL 100.45 (3) is permitted when the count sought to be added charges an offense supported by the sworn factual allegations.
However, courts have permitted amendment of informations by applying the provisions of CPL 170.35 which prohibits dismissal of informations as facially insufficient where the “defect [or irregularity] is of a type that may be cured by amendment.” (See *653 People v Pena, 146 Misc 2d 767, 769 [Crim Ct, NY County 1990]; People v Twine, 121 Misc 2d 762 [Crim Ct, NY County 1983]; People v Parris, 113 Misc 2d 1066 [Crim Ct, NY County 1982]; People v Pacifico, 105 Misc 2d 396 [Crim Ct, Queens County 1980].) Amendments to informations are generally permitted to correct errors as to time, place and names of persons. (People v Kurtz, 175 Misc 2d 980 [Crim Ct, Queens County 1998].)
Amendment of names is permitted in situations where a name is misspelled (People v Johnson, 104 NY 213 [1887]) or a witness has been incorrectly identified in a supporting deposition (People v Twine, supra). Amendment of an indictment pursuant to CPL 200.70 (the defining statute for amendments of prosecutor’s informations under CPL 100.45) has been permitted when a defendant has been indicted under a fictitious name, e.g., Sabu Ganett, rather than the correct name, e.g., Sabu Gary, because the grand jury meant to indict the latter named individual. (People v Ganett, 68 AD2d 81 [4th Dept 1979].)
None of the situations where amendments to names have been permitted are akin to the assumption of an identity of a real person and as a result the named individual is penalized for the wrong acts of the identity thief.
The Appellate Term for the Ninth and Tenth Judicial Districts has routinely refused to allow the practice of amending informations to add or substitute defendants or change the identity of the defendant. (People v Kearns, 3 Misc 3d 136[A], 2004 NY Slip Op 50497[J] [App Term, 9th & 10th Jud Dists 2004]; People v Wang, NYLJ, Oct. 22, 2003 [App Term, 9th & 10th Jud Dists 2003]; People v Hempstead Video Inc., NYLJ, Nov. 22, 1995 [App Term, 9th & 10th Jud Dists 1995], lv denied 87 NY2d 922 [1996].) While the Appellate Term did not face the issue of an identity theft or misuse, the Appellate Term refused to permit wholesale substitution of defendants for the sake of expediency in situations where the wrong party appeared before the court.
The change in the name of the defendant is not a ministerial issue or based upon a scrivener’s error. The change of name would perpetuate harm upon the license of Gerónimo Almendarez inasmuch as just changing the name does not dismiss the case against Gerónimo and thus end the license issues for Gerónimo.
The District Attorney correctly contends jurisdiction over the body of Cleofe through the arrest and arraignment process, as CPL 1.20 (9) states:
*654 “ ‘Arraignment’ means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.”
The jurisdiction imposed under the arraignment process presupposes the correct identity and does not address the separate penalties imposed upon the driver’s license which in this case belongs to another individual.
The prosecution has offered no cases in support of its contention that an amendment of name which changes the identity of the defendant is permissible. Further, the prosecution has not established that amending the name will wipe the driver’s record clean for the named, but innocent party in this case.
The amendment of the information to change the name of the defendant from Gerónimo to Cleofe Almendarez would produce the continued injustice of continuing the attachment of the driver’s license by virtue of the license number of Gerónimo listed on the information to continue with the case. The better result would be to dismiss the action against Gerónimo and for a proper accusatory information to be filed against Cleofe. (People v Nuccio, 78 NY2d 102 [1991].) In this manner the issue of the identity of the defendant will cease to cause the recurring question to be asked: Is this the “right” guy or the “wrong” guy?
The action against Gerónimo Almendarez is dismissed based upon a legal impediment and the admission by the District Attorney that Gerónimo did not operate the motor vehicle in question on May 23, 2008. The District Attorney is denied the right to amend the name of the defendant. The District Attorney is free to file a proper accusatory instrument naming Cleofe Almendarez as the defendant.