OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order dated August 21, 2009 is dismissed as this order was superseded by the order dated December 11, 2009; and it is further, ordered that the order dated December 11, 2009, insofar as appealed from, is reversed, on the law, and the branch of defendant’s motion seeking to dismiss the four simplified traffic informations is denied on condition that the People move in the District Court, within 30 days of the date of the order entered hereon, to amend the simplified traffic informations by listing defendant’s name on each to read Jamal Iqbal also known as Waqas Iqbal and by deleting the driver’s license identification number of Waqas Iqbal on each, substituting therefor Jamal Iqbal’s driver’s license identification number, if any; otherwise, the order is affirmed.
Insofar as is relevant to this appeal, on September 1, 2008, an individual carrying the driver’s license of “Waqas Iqbal,” obtained by police at the scene, was arrested and charged in four simplified traffic informations, under docket number 2008NA022720, with violating Vehicle and Traffic Law § 1192 (4), § 1180 (d), § 1163 (a) and § 1128 (a). Each of the simplified traffic informations named the defendant as “Waqas Iqbal” and contained the driver’s license identification number of Waqas Iqbal. The individual arrested, identified to the police at that time as Waqas Iqbal, was arraigned on these charges, and the court suspended the driver’s license of Waqas Iqbal. Thereafter, Waqas Iqbal appeared in court, claiming that he was not the individual who had been driving the vehicle that had been stopped by the police and that he had not been present at the scene. He asserted that his brother, Jamal Iqbal, was the driver of the vehicle and had used his license and identity at the time of the arrest. The People conceded that Waqas Iqbal had not operated the vehicle and that Jamal Iqbal was the operator of the vehicle at the time of the stop, the individual arrested and the individ *96 ual arraigned. Thereafter, Waqas Iqbal moved to, among other things, dismiss the four simplified traffic informations. The People opposed the motion, arguing, among other things, that the simplified traffic informations should not be dismissed but should rather be amended to substitute the name Jamal Iqbal. By order dated August 21, 2009, the District Court, for the reasons set forth in People v Almendarez (24 Misc 3d 649 [Nassau Dist Ct 2009]), granted the branch of the motion seeking to dismiss the simplified traffic informations. The People subsequently moved for leave to reargue their opposition to the branch of the motion seeking to dismiss the simplified traffic in-formations. By order dated December 11, 2009, the District Court granted leave to reargue and, upon reargument, in effect, adhered to its prior determination granting the branch of defendant’s motion, holding that an amendment of the name of the defendant and the driver’s license identification number is not a mere irregularity which is subject to amendment.
Pursuant to CPL 170.35 (1), a simplified information is jurisdictionally defective within the meaning of CPL 170.30 (1) when:
“(a) It is not sufficient on its face pursuant to the requirements of section 100.40; provided that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend.”
The statute does not expressly state which defects are curable. However, CPL 170.35 contemplates nonjurisdictional amendments to simplified informations, which, by definition, include simplified traffic informations (CPL 1.20 [5] [a]; see People v Martin, 23 Misc 3d 67 [App Term, 9th & 10th Jud Dists 2009]; see also People v Greco, 12 Misc 3d 83 [App Term, 9th & 10th Jud Dists 2006]). In People v Bogdanoff (254 NY 16, 29 [1930]), the Court of Appeals held that an error in description or name may be corrected or disregarded, and where a defendant is indicted by a fictitious or erroneous name, his true name may be inserted whenever that is discovered. In People v Ganett (51 NY2d 991 [1980]), the Court of Appeals held that it was error for the trial court to deny the People’s motion to amend an indictment to substitute the name of Sabu Gary, the true name of the defendant, for the erroneous name appearing in the indictment. Similarly, in People v Mezzapella (19 AD2d *97 729 [1963]), when the prosecution learned of the defendant’s true name, the indictment was corrected accordingly.
In view of the foregoing, and under the circumstances presented, it was error for the District Court to dismiss the four simplified traffic informations where the People in their opposition to the motion by Waqas Iqbal indicated their desire to have the simplified traffic informations amended to substitute the name of Jamal Iqbal (see generally People v Johnson, 253 AD2d 702 [1998]). We note that the amendments sought do not change the theory of the cases and will not surprise or prejudice Jamal Iqbal (see People v Easton, 307 NY 336, 338 [1954]), who must receive notice of any such application to amend. To the extent that the case of People v Almendarez (24 Misc 3d 649 [2009]) holds to the contrary, it should not be followed.
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant’s motion seeking to dismiss the simplified traffic informations is denied on condition that the People move in the District Court within 30 days of the date of the order entered hereon to amend the simplified traffic informations by listing defendant’s name on each to read Jamal Iqbal also known as Waqas Iqbal and by deleting the driver’s license identification number of Waqas Iqbal on each, substituting therefor Jamal Iqbal’s driver’s license identification number, if any.
Nicolai, PJ., Molía and Iannacci, JJ., concur.