The People of the State of New York, Respondent, 
against
Frank Manuel, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered August 13, 2015, convicting him, upon his plea of guilty, of assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered August 13, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective (see People v Kalin, 12 NY3d 225 [2009]). It charged all the elements of third-degree assault (see Penal Law § 120.00[1]). The information — comprising the misdemeanor complaint and domestic incident report signed by the arresting officer and the complainant — alleged, inter alia, that "defendant str[uck] [complainant] about the face with an open hand, causing bruising to [her] face, bleeding to [her] mouth, substantial pain, and loosening [of her] teeth." These allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant committed the crime of third degree assault (see Penal Law § 120.00[1]; People v Henderson, 92 NY2d 677 [1999]). 
Contrary to defendant's present argument, the misspelling and/or juxtaposition of his first and last names in various portions of the accusatory instrument were nonjurisdictional defects subject to amendment (see CPL 170.35[1][a]; People v Matos, 32 Misc 3d 136[A], 2011 NY Slip Op 51472[U][App Term, 9th & 10th Jud Dists 2011], lv denied 19 NY3d 1103 [2012]; People v Iqbal, 31 Misc 3d 94, 96 [2011]; see also People v Ganett, 51 NY2d 991, 993 [1980]), and defendant's right to challenge the defects was forfeited by his guilty plea (see People v Konieczny, 2 NY3d 569, 575 [2004]; People v Martinez, 52 AD3d 68 [2008], lv denied 11 NY3d 791 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT. 
I concur I concur I concur
Decision Date: October 24, 2017