■ In the Matter of the Claim of DELMAR D. PRATT, Appellant, against BREAKSTONE BROTHERS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from decision of the Workmen's Compensation Board denying compensation to claimant on the grounds of failure to comply with section 28 of the Workmen's Compensation Law entitled "Limitation of right to compensation". The appellant employee was a working foreman at the branch garage at Walton, New York, and contends that he received an injury to his face when struck by a hammer on November 19, 1949. It is not disputed that the first claim for compensation filed in his behalf was on June 23, 1952. The claimant contends that he received advance payments by way of wages and that therefore he is not barred by section 28. It was a result of this contention that the hearing was held before the Workmen's Compensation Board. All of the medical expenses incurred by the claimant were paid by himself up to and even after the filing of the claim for compensation. Likewise he sustained an injury to his eye in December, 1949 and made a report of this injury. The claimant was absent from work June 17, 1951 to July 25, 1951 because of pain in his face and he received disability benefits, together with the difference in his salary paid by his employer. The claimant again became disabled as the result of the injury to his face in January, 1952, which was more than two years from the date of the original injury. In this particular case, the question of what notice, if any, the employer had within the two-year period concerns an alleged conversation which was supposed to have taken place in June of 1951 when claimant contends that he told one of his superiors, a Mr. Rogers, about his injury. The claimant's own wife disputes the conversation which made that particular phase of the case a question of fact for the board. In *Matter of Lissow* v. *Mabbett Motors* (279 N. Y. 585) there was a failure to comply with section 28 of the Workmen's Compensation Law. In that case there was no question that the employer had notice, the employee immediately consulted a doctor, paid by his employer, and he received his wages for the week he did not work. The court found there was no evidence of advance payment under the meaning of section 28. Under the circumstances and from the record in this case, the board was entirely justified in making its finding that this was no advance payment of compensation by way of wages and therefore not a timely compliance with section 28 of the Workmen's Compensation Law. Decision of the Workmen's Compensation Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY ERNEST RUSSO, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of a Special Term, County Court, Clinton County, which dismissed a writ of habeas corpus. Appellant was indicted by the Grand Jury of Queens County on January 17, 1955 on two counts of grand larceny, alleging the date of the crimes as December 1, 1954. At the end of the trial the court dismissed the first count and granted the District Attorney's motion over defendant's objection to amend the date of crime charged in the second count to read January 3, 1955 instead of December 1, 1954. The Clinton County Special Term has dismissed a writ of habeas corpus. The trial court had the legal power to amend the indictment in respect of date of the crime. (Code Crim. Pro., § 293.) Any error in law or fact in granting such a motion should have been reviewed by appeal from the judgment of conviction. There is no such absence of jurisdiction on this record in respect of such amendment as to have permitted its review by writ of habeas corpus. Order dismissing writ unanimously affirmed. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.