OPINION OF THE COURT
Steven W. Paynter, J.
The defendant has moved at the conclusion of the trial in this matter to dismiss the information on the ground that it was improperly amended thereby rendering it facially insufficient and depriving the court of jurisdiction. Similar motions were made when the amendment was effected before another Judge and at a subsequent calendar call before a third Judge.
*981 The original information charged the defendant with aggravated harassment in the second degree as well as harassment in the second degree under sections 240.30 and 240.25 of the Penal Law. The defendant was accused of having made phone calls to, and of having engaged in a physical altercation with, the complainant.
These events were charged as having occurred between September 12 and September 16, 1997 during which time the defendant made “numerous” objectionable phone calls to the complainant. The physical harassment was alleged to have occurred on the latter date at about 12:00 p.m.
The People later moved to amend the information to accuse the defendant of having made “two” calls on September 12 and of having engaged in the physical harassment at about 12:00 p.m. on the same date. The court which granted the amendment motion also granted the defendant an adjournment although the case was ready for trial.
CONCLUSIONS OF LAW
There is scant appellate authority subsequent to the enactment of the Criminal Procedure Law on the issue of the propriety of amendments to informations and misdemeanor complaints. This is surprising in light of the relative frequency with which the People seek to amend these instruments and the regularity with which defense counsel object on the grounds that the procedure is not authorized by statute and that such amendments add unsworn material to the documents originally filed with the court.
Amendment is usually sought in order to change a date or time or location or to change a first name or surname to conform to a supporting deposition. At times, the People seek to insert or delete other factual matter.
CPL 100.45 reads, in pertinent part, as follows:
“Information, prosecutor’s information, misdemeanor complaint; severance, consolidation, amendment, bill of particulars * * *
“(2) The provisions of section 200.70 governing amendment of indictments apply to prosecutor’s informations.
“(3) At any time before the entry of a plea of guilty to or the commencement of a trial of an information, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of the accusatory part of such information by addition of a count charg *982 ing an offense supported by the allegations of the factual part of such information and/or any supporting depositions which may accompany it. In such case, the defendant must be accorded any reasonable adjournment necessitated by the amendment.”
Neither of the above subdivisions applies to the instant case since the accusatory instrument filed against the defendant is not a prosecutor’s information (see, CPL 100.10 [3]), nor were the People seeking to add a count based on factual material already found in the instrument as filed.
The Practice Commentaries to the above section state with respect to subdivision (2) that “[the] provision does not apply to an ‘information’ or to a misdemeanor complaint. The original study bills included both of those instruments in this subdivision, but they were dropped, somewhere between the last study bill introduced in 1969 * * * and the legislative enactment in 1970, without explanation” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.45, at 289).
One possible explanation for the exclusion of informations as being amendable pursuant to CPL 200.70 lies in the fact that an application of CPL 200.70 (2) (a) to informations would conflict with subdivision (3) of CPL 100.45 which permits the addition of charges.
CPL 200.70, which applies to prosecutor’s informations and indictments, permits amendment under subdivision (1) “with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits.”
Under subdivision (2), however, no amendment is permitted for the purpose of curing
“(a) [a] failure thereof to charge or state an offense; or
“(b) [Ilegal insufficiency of the factual allegations”.
The Court of Appeals has held that the prohibition in CPL 200.70 (2) (a) against the addition of counts to an indictment applies even when it is clear that the Grand Jury voted the missing charge. (See, People v Perez, 83 NY2d 269.)
The provision of CPL 100.45 (3) authorizing the addition of counts to informations did not appear in the 1967 draft of CPL 50.40 (now CPL 100.45) but was added to the 1968 draft ánd Study Bill (see, Proposed NY Criminal Procedure Law, at 87 *983 [Thomson Co. 1967]; Proposed NY Criminal Procedure Law, 1968 Study Bill & Commn Report, at 36 [Thomson Co. 1968]).
This apparent conflict may have been the reason why the rules governing and limiting amendments of indictments in CPL 200.70 were made applicable only to prosecutor’s informations in CPL 100.45 (2) since prosecutor’s informations may be filed at the direction of a Grand Jury (CPL 190.70) and therefore appropriately share whatever limitations may be placed on the amendment of indictments.
The removal of the original application of CPL 200.70 to in-formations and misdemeanor complaints between the Study Bills and the enactment of the CPL therefore appears to have been deliberate.
It can be argued that the fact that the statute governing the amendment of informations (CPL 100.45) lists only one type pertaining to informations, i.e., the addition of counts in subdivision (3), means that other types of amendment are prohibited since “ [t] he maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240).
The only other CPL reference to the amendment of informations appears in CPL 170.35 which addresses the motion to dismiss lower court accusatory instruments as defective. It reads, in part, as follows:
“(1) An information, a simplified information, a prosecutor’s information or a misdemeanor complaint, or a count thereof, is defective within the meaning of paragraph (a) of subdivision one of section 170.30 when:
“(a) It is not sufficient on its face pursuant to the requirements of section 100.40; provided that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the People move to so amend”.
The type of defect or irregularity “that may be cured by amendment” is not elsewhere defined except in the aforementioned relationship between CPL 200.70 as it applies to prosecutor’s informations through CPL 100.45 (2).
The proposed CPL had read “where the defect or irregularity is of a kind that may be cured by amendment, pursuant to sec *984 tion 50.40 [now CPL 100.45]” (Proposed NY Criminal Procedure Law, 1968, op. cit., CPL 85.30 [1] [a] [now CPL 170.35 (1) (a)]). This language was also dropped without explanation.
Some courts that have addressed the issue of the amendability of informations have found that since CPL 170.35 provides for some kind of amendment the provisions of CPL 100.45 (2) must apply to informations as well as to prosecutor’s informations (see, People v Parris, 113 Misc 2d 1066; People v Twine, 121 Misc 2d 762; People v Pena, 146 Misc 2d 767; People v Abajian, 142 Misc 2d 250; see also, People v Pacifico, 105 Misc 2d 396).
This court respectfully disagrees with that aspect of the decisions in those cases because of the expressio unius rule of construction and because the draft language that would have effected such application was dropped from two different sections before the enactment of the statute.
The court does agree, however, that amendment is possible since the term amendment is used in CPL 170.35 (1) (a) and “[i]n the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning” (McKinney’s Cons Laws of NY, Book 1, Statutes § 231).
This court concludes that, like indictments and prosecutor’s informations, informations can be amended with respect to time, place and the names of persons, but that unlike those instruments, informations do not share the limitations imposed by CPL 200.70 (2) (a) and (b).
The Law under the Code
It is clear that under the Code of Criminal Procedure the amendment that occurred in this case would have been permissible. Section 293 of the Code of Criminal Procedure provided for amendment to correct errors “in respect to time, or in the name or description of any place, person or thing * * * if the defendant cannot be thereby prejudiced in his defense on the merits”. This section was made specifically applicable to the prosecution of informations through section 62 of the Code of Criminal Procedure.
Cases decided under the Code of Criminal Procedure had permitted significant amendment as to the time of occurrence of crimes (see, e.g., People ex rel. Russo v Jackson, 7 AD2d 672; People v Formosa, 131 NY 478), as well as amendments of location (see, e.g., People v Scanlon, 132 App Div 528) and the names of persons (see, People v Johnson, 104 NY 213).
*985 Amendment was allowed because changes in factual matter of this kind usually do not affect the elements of the crimes charged. This rationale was stated in People v Geyer (196 NY 364, 367) as follows: “It not infrequently happens that an indictment sets forth many details which are proper in alleging and describing the crime, but which surround and in some degree characterize, rather than constitute the real substance and body of, the offense charged and the allegation of which may be amended without changing the identity of the crime or the subject of the crime and without impairment of the rights of the accused person.”
One type of amendment as to time that was not permitted under the Code of Criminal Procedure was the correction of an error in an indictment that placed the time of the crime at a date subsequent to the finding of the indictment. In People v Van Every (222 NY 74) the Court of Appeals held that this was a nonamendable defect since section 280 of the Code of Criminal Procedure required that an indictment need not state a precise time at which a crime was committed as long as it was alleged to have been committed before such finding.
In People v Easton (307 NY 336), however, the Court addressed this same issue in connection with an information which had been amended to correct the originally charged impossible future date. In reversing the Appellate Division’s reversal of the conviction the Court held that (at 338-339) “ [decisions dealing with indictments * * * are entirely inapposite * * * Whatever the rule with respect to amending an indictment which charges a crime as having been committed subsequent to its presentment by the grand jury, the considerations there controlling * * * are not present in the case of an information. An indictment requires the action and intervention of a grand jury. There is no substitute for that body, and a court may not, by seeking to effect an amendment of a substantial character, ‘make good an invalid indictment and thus exercise the functions of the grand jury’ [citing People v Van Every, supra].”
The Court went on to state (supra, at 339) “[accordingly, as has elsewhere been held, a court has the power to amend an information even though the amendment may affect a matter of substance [citations omitted].”
Easton (supra) has never been overruled and its holding does not appear to have been affected by the enactment of the Criminal Procedure Law. While the requirements for the sufficiency of an information have been given particularized definition *986 through CPL 100.15 and 100.45, these requirements had, with one exception, already been engrafted upon the sparse Code of Criminal Procedure definition (§ 145) through case law (see, Proposed NY Criminal Procedure Law, CPL 50.10, Staff Comment [Thomson Co. 1967]; see also, People ex rel. Livingston v Wyatt, 186 NY 383; People v Zambounis, 251 NY 94; People v Albow, 140 NY 130; People v Scott, 3 NY2d 148; People v James, 4 NY2d 482).
The one exception is the requirement contained in CPL 100.40 (1) (c) that “[n] on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof’ (emphasis added).
This subdivision did not appear in the 1967 and 1968 drafts of the proposed statute. Under the Code of Criminal Procedure a defendant could be brought to trial by way of an information containing sworn allegations of fact based upon information and belief as long as the sources of such information and belief were specified (see, e.g., People v James, supra; People v Jeffries, 19 NY2d 564; People v Tennyson, 19 NY2d 573). CPL 100.40 (1) (c) now proscribes the use of hearsay to establish the elements of the crimes charged in an information.
As to the objection that, by amending an information with respect to times, places, names and descriptions, uncorroborated hearsay is introduced to the existing accusatory instrument in violation of this subdivision, the court would point out that amendments of this type do not ordinarily implicate the elements of charged offenses but merely concern the circumstances surrounding their commission (see, e.g., People v Spann, 56 NY2d 469 [type of property stolen not material element of robbery]; People v Feldman, 50 NY2d 500 [identity of buyer of drugs not a material element of sale]; People v Brown, 151 AD2d 199 [location of drug sale not an element]; People v Prato, 143 AD2d 205 [theft victim’s name not a material element]).
As stated earlier, it appears that informations, like indictments and prosecutor’s informations, may be amended with respect to matters of time, place and names. Unlike those instruments, however, informations do not share the limitations of CPL 200.70 (2) (a) prohibiting the addition of counts (see, CPL 100.45 [3] set out above) nor the limitation in CPL 200.70 (2) (b) prohibiting amendment to cure a legal insufficiency of the factual allegations.
Support for this last conclusion can be found in the recent case of MacFawn v Kresler (88 NY2d 859) in which the Court *987 of Appeals had occasion to touch upon the issue of the amend-ability of informations. In MacFawn the plaintiff had been accused of attempted grand larceny in the fourth degree. The information had been dismissed by the lower court for insufficiency pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a). The plaintiff sued for malicious prosecution and the issue became whether this dismissal constituted a termination of the proceeding in the plaintiffs favor.
The Appellate Division reversed the trial court’s denial of the defendant’s motion to dismiss the civil complaint. In affirming this decision the Court of Appeals stated (at 860): “In this case the information * * * was dismissed by the court because it concluded that the facts alleged by the People were not legally sufficient to support the charge * * * The People were at liberty to amend the information to correct the deficiency but did not do so. Neither did they refile the charge as they could have [citing People v Nuccio (78 NY2d 102)].”
While the issue is not before this court it would appear that any amendment of factual allegations that would be necessary to make out the elements of charged offenses, as opposed to their surrounding circumstances, would require, at some point, additional verification by one of the forms prescribed in CPL 100.30 so as not to violate the hearsay proscription contained in CPL 100.40 (1) (c).
Amendment motions must, of course, be subject to the limitation that no demonstrable prejudice accrue to the defendant’s case, and adjournments, as in the instant case, must be available when necessitated by the granting of such motions.
While it may sometimes be a simple matter, in a single witness case, for the People to supersede an information instead of seeking to amend the language in an existing one, this court concludes, based upon the foregoing, that the Legislature, through its studied inattention to the issue in the enactment of the CPL, has not limited the liberal rule concerning the amend-ability of informations set out in People v Easton (307 NY 336, supra).
The motion to dismiss is denied.