OPINION OF THE COURT
Memorandum.
Judgments convicting defendant of violating the Uniform Fire Prevention and Building Code and Islip Town Code § 68-25 (B) (1) unanimously reversed, on the law, accusatory instruments charging said offenses dismissed and fines, if paid, remitted.
*9 Judgment convicting defendant of violating Islip Town Code § 68-30 (B) (28) (a) unanimously modified on the law by vacating the sentence imposed and matter remanded to the court below for resentencing; as so modified, affirmed.
By three accusatory instruments, filed in the court below on August 21, 2001, defendant was charged with changing the use, or occupancy, of his building in violation of Islip Town Code § 68-25 (B) (1), renting his premises without a rental permit in violation of Islip Town Code § 68-30 (B) (28) (a), and violating New York State Uniform Fire Prevention and Building Code (9 NYCRR) § 1241.1 (c), pursuant to Executive Law § 382 (2), by using his cellar as a habitable space. Although the complainant, an inspector for the Islip Department of Code Enforcement, averred that her factual allegations were “based on personal knowledge and attached Supporting Depositions,” no supporting depositions, or other documents, were attached to the instruments when they were filed. However, on September 5, 2001, the People provided the court with a certificate of occupancy dated August 24, 2001 and a certified deed dated August 26, 2001. In December 2001, defendant moved to, inter alia, dismiss the accusatory instruments on the grounds that they were facially insufficient. The People opposed the motion. In February 2002, the trial court denied the motion and, sua sponte, amended the accusatory instruments to include said documents. Following a bench trial, defendant was convicted of all charges. On appeal, defendant raises issues regarding, inter alia, the validity of the accusatory instruments, and the lack of a written jury waiver for the fire prevention charge.
Inasmuch as the People did not seek to file superseding accusatory instruments (see CPL 100.50), we find that the trial court was without authority to, sua sponte, amend the instruments to include said documents and, pursuant to CPL 100.45, an amendment can be made solely to add an additional count.
Subdivision (c) of 9 NYCRR 1241.1 states: “It shall be prohibited to use any cellar as [a] habitable space.” Pertinent part of Executive Law § 382 (2) states that “Any person, having been served, either personally or by registered or certified mail, with an order to remedy any condition found to exist in, on, or about any building in violation of the uniform fire prevention and building code, who shall fail to comply with such order within the time fixed by the regulations promulgated by section three hundred eighty-one of this article . . . shall be punishable by a fine of not more than one thousand dollars per day ... or imprisonment not exceeding one year, or both.”
*10 In order to be facially sufficient, the factual portion of the instrument must establish, with nonhearsay allegations, that defendant used his cellar as a habitable space (see 9 NYCRR 1241.1 [c]; CPL 100.40 [1] [c]) and failed to remedy the condition after being issued a written order to do so (see Executive Law § 382 [2]; CPL 100.40 [1] [c]). Herein the complainant avers, based upon personal knowledge, that defendant knowingly maintained his cellar as a “habitable space containing a bedroom, bathroom, kitchen and living room,” but makes no allegations regarding a written order that defendant failed to comply with. Consequently, the accusatory instrument fails to contain nonhearsay allegations of fact that establish, if true, every element of the offense charged (see CPL 100.40 [1]), and is facially insufficient. Accordingly, defendant’s conviction on this charge is reversed and said accusatory instrument is dismissed.
Islip Town Code § 68-25 (B) (1) states, in pertinent part, as follows: “No change in occupancy or use shall be made in a building hereafter erected or altered that is not consistent with the last issued certificate of occupancy for such building unless a permit is secured. In case of an existing building, no change of occupancy that would bring it under some special provision of this ordinance shall be made unless the Building Director upon inspection, finds that such building conforms substantially to the provisions of this ordinance with respect to the proposed new occupancy and use, and issues a certificate of occupancy therefor.”
In the relevant instrument, the complainant avers, based upon personal knowledge, that defendant did “allow, permit and maintain [a] one family dwelling as a two family dwelling . . . inconsistent with last issued certificate of occupancy and no permit for such use has been issued.” A reading of the factual allegations contained in the instrument indicates that the People seek to charge defendant with changing the use of a “building hereafter . . . altered that is not consistent with the last issued certificate of occupancy” without securing a permit, or his failure to obtain a certificate of occupancy for a change that is under some special provision. However, the complainant’s averment that defendant did “allow, permit and maintain” does not establish the necessary elements of “alter” (cf. People v Cullen, 195 Misc 2d 692 [2003]), and there are no allegations that the alleged change was under some special provision. Consequently, the accusatory instrument fails to contain non- *11 hearsay allegations of fact that establish, if true, every element of the offense charged (see CPL 100.40 [1]), and is facially insufficient. Accordingly, defendant’s conviction on this charge is reversed and the accusatory instrument is dismissed.
Islip Town Code § 68-30 (B) (28) (a) states, in pertinent part: “(a) It shall be unlawful to use, establish, maintain, operate or let any premises entirely or partially for residence occupancy where any rent is paid or charge is made for such use or occupancy in the Town of Islip without first having obtained a permit therefor. Failure or refusal to procure a permit hereunder shall be deemed a violation.”
In order to be facially sufficient, the accusatory instrument must establish that defendant is the owner of the subject property which was rented without a permit. The complainant averred therein that, based upon her personal knowledge, defendant was the property owner. The element of ownership “can be fairly implied from the complainant’s duties as the town’s code inspector. Thus, the source or validity of the complainant’s knowledge is a matter to be raised as an evidentiary defense at trial, and such facts need not be specified in the information” (People v Sikorsky, 195 Misc 2d 534, 536 [2002]). The instrument, otherwise, established the elements of renting without a permit based upon the complainant’s personal knowledge. Consequently, the accusatory instrument contains nonhearsay allegations of fact that establish, if true, every element of the offense charged (see CPL 100.40 [1]), and is facially sufficient.
Furthermore, although the record indicates that defendant failed to waive his right to a jury trial by signing a document in open court and in the presence of the court (see CPL 320.10 [2]; see also People v Davidson, 136 AD2d 66 [1988]), the remaining Islip Town Code conviction is a violation (Islip Town Code § 68-30 [B] [28] [a]) and thus defendant would not be entitled to have a jury trial thereon (CPL 340.40). Moreover, inasmuch as the trial court erred in imposing a single fine and term of probation covering multiple charges, said sentence is vacated and the matter is remanded for resentencing on the Islip Town Code § 68-30 (B) (28) (a) conviction. CPL 380.20 requires that where convictions are entered upon multiple counts, the court must pronounce sentence upon each count (see People v Sturgis, 69 NY2d 816 [1987]).
Defendant’s remaining contentions lack merit.
Doyle, PJ., Winick and Skelos, JJ., concur.