OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, unanimously affirmed.
Defendant, in three separate accusatory instruments, was charged with changing the use or occupancy in a building in violation of Islip Town Code § 68-25 (B) (1), alteration of a building without first obtaining a building permit in violation of Islip Town Code § 68-23 (A) and failing to maintain smoke detectors in violation of former New York State Uniform Fire Prevention and Building Code (9 NYCRR) § 1243.10 (a). Although the complainant averred in each of the informations that the factual allegations were “based on personal knowledge and attached supporting depositions,” no supporting depositions, or other documents, were attached to said informations at the time of filing. Subsequent thereto, the People provided the court with certified copies of the deed and the certificate of occupancy. Thereafter, defendant moved to dismiss the informations as being jurisdictionally defective and for failure to timely prosecute the matter in violation of CPL 30.30. The court, in granting defendant’s motion dismissing the informations on the ground of facial insufficiency, did not address defendant’s CPL 30.30 claims.
Initially, it should be noted that the People elected not to file superseding accusatory instruments (see CPL 100.50). In view of the foregoing, the court was without authority to amend the informations herein to include the deed and certificate of occupancy since amendments are generally only permissible to add additional counts (see CPL 100.45; see also People v Caravousanos, 2 Misc 3d 7 [App Term, 9th & 10th Jud Dists 2003]; cf. People v Kurtz, 175 Misc 2d 980 [1998]).
Section 100.40 (1) of the Criminal Procedure Law states that an information is sufficient on its face when it substantially conforms to the requirements of CPL 100.15 and the factual allegations, together with any supporting depositions which may *62 accompany it, provide reasonable cause to believe that defendant committed the offenses charged in the accusatory part of the information and the nonhearsay allegations of the factual part of the information and/or any supporting depositions establish, if true, every element of the offenses charged and defendant’s commission thereof. The law does not require that the most precise words or phrases which most clearly express the thought be required in an information, but only that the crime be alleged and the specifics set forth so that a defendant can prepare himself for trial, and so that he will not be tried again for the same offense (People v Zambounis, 251 NY 94 [1929]; People v Shea, 68 Misc 2d 271 [1971]). The failure to comply with this requirement is a nonwaivable jurisdictional defect (People v Alejandro, 70 NY2d 133 [1987]) with the exception of the hearsay requirement which is deemed waived absent a pretrial motion (see People v Casey, 95 NY2d 354 [2000]) or upon a plea of guilty (People v Pittman, 100 NY2d 114, 122 [2003]).
In the information charging a violation of Islip Town Code § 68-25 (B) (1), the complainant alleged, upon personal knowledge, that defendant did “use said premise[s], a legal two family dwelling as a three family dwelling . . . inconsistent with the last issued certificate of occupancy, and no such permit for such use has been obtained.” Inasmuch as the instant information is similar to the one presented to this court in People v Caravousanos (2 Misc 3d 7 [App Term, 9th & 10th Jud Dists 2003]), said information is deemed defective for the reasons set forth therein.
Defendant was also charged with a violation of section 68-23 (A) of the Islip Town Code in that she allegedly altered the premises without a permit. The violation was based on the following relevant facts, i.e., that defendant, “[a]s owner of record did allow and maintain a full bathroom with working fixtures and a full kitchen with working electric stove and refrigerator on third floor of premise[s] without proper permit.” Since, as the District Court noted, the factual allegations failed to contain facts to the effect that defendant altered the premises by constructing the bathroom and kitchen, said information is also facially insufficient (CPL 100.40 [1]).
As to the accusatory instrument charging a violation of section 1243.10 (a) of the the former New York State Uniform Fire Prevention and Building Code, the People have not raised any issue regarding the lower court’s dismissal thereof in their brief *63 on appeal, and thus, the court’s decision as to said accusatory instrument is not before this court.
Finally, it should be noted that the complainant in the accusatory instruments under appeal alleged on personal knowledge that defendant was the owner of record of the subject premises without setting forth the basis of his knowledge. This court had previously held that the failure to set forth said basis constituted a jurisdictional defect (see People v Vecce, NYLJ, May 26, 1999, at 30, col 2 [App Term, 9th & 10th Jud Dists]). Subsequent thereto, this court, in reliance upon the Court of Appeals decision in People v Casey (95 NY2d at 360 [2000]), held that the fair implication of such statements, including ownership, by a town’s code inspector, established the inspector’s firsthand knowledge of such facts and that any challenge to the source or validity of the complainant’s knowledge is a matter to be raised as an evidentiary defense at trial. Thus, such facts need not be specified in the information (People v Sikorsky, 195 Misc 2d 534 [2002]). In view of the foregoing, this court’s holding in People v Vecce (supra) will no longer be followed.
McCabe, EJ., Lifson and Skelos, JJ., concur.