OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law and accusatory instrument dismissed.
Defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and aggravated harassment in the second degree (Penal Law § 240.30 [1]). The accusatory instrument alleged that the offenses occurred on or about July 16, 2004 at about 11:19 a.m., and, in the annexed supporting deposition, the victim swore to the truth of the factual allegations contained in the accusatory instrument. However, at trial, the victim testified that the offenses occurred at 10:42 p.m. — 11 hours after the time alleged in the information. The People sought to amend the information to conform to the victim’s trial testimony and the court below granted their application. Defendant was convicted of attempted criminal contempt in the second degree and attempted aggravated harassment in the second degree. On appeal, defendant argues that under the circumstances presented, the court lacked the authority to amend the information. We agree.
The only permissible amendment of an information pursuant to CPL 100.45 (3) is to include an additional count prior to trial or entry of a guilty plea (see People v Harper, 37 NY2d 96, 99-100 [1975]; People v Hall, 4 Misc 3d 60 [App Term, 9th & 10th Jud Dists 2004]; People v Caravousanos, 2 Misc 3d 7 [App Term, 9th & 10th Jud Dists 2003]). Failure to comply with this provision requires vacatur of the conviction and dismissal of the information (see People v Harper, 37 NY2d at 99-100). The amendment at issue here did not involve the addition of a count charging an offense and it was not made prior to trial. Thus, the court below was not authorized to amend the information to change the time of the offense.
Nor does CPL 100.45 (2) authorize such an amendment. Although CPL 100.45 (2) makes the provisions of CPL 200.70 *29 governing amendment of indictments as to matters of time, place and names applicable to prosecutor’s informations, it does not make them applicable to informations. The Legislature’s failure to include informations within CPL 100.45 (2) indicates that its exclusion was intended (see People v Tychanski, 78 NY2d 909, 911-912 [1991]).
Even assuming that such an amendment of the information is authorized (cf. People v Kurtz, 175 Misc 2d 980 [1998] [relying on CPL 170.35 (1) (a) and People v Easton, 307 NY 336 (1954)]), there would remain a fatal inconsistency between the information and the supporting deposition annexed thereto, precluding the establishment of a prima facie case (see People v Kramer, NYLJ, Jan. 5, 1994, at 27, col 2 [App Term, 9th & 10th Jud Dists]). Moreover, the error in this case was not a mere technicality, the correction of which would occasion defendant no surprise or prejudice (compare People v Easton, 307 NY at 338 [court permissibly amended information during trial to correct an impossible future date of the offense]). To the contrary, counsel asserted below that had he known of the correct time of the offense, he might have been able to pursue an alibi defense.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Pesce, EJ., Weston Patterson and Belen, JJ., concur.