The People of the State of New York, Respondent,
against
Mohamid Mohamed, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Robert D. Kalish, J.), rendered April 25, 2011. The judgment convicted defendant, after a nonjury trial, of attempted criminal contempt in the second degree and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
The complainant obtained two temporary orders of protection in her favor and against defendant, issued by Kings County Criminal Court Judge Robert D. Kalish. The orders, which expired on October 21, 2009, among other things, directed defendant to stay away from the complainant. In addition, a temporary order of protection issued by Queens County Criminal Court Judge Dorothy Chin-Brandt, which expired on November 9, 2009, directed defendant, among other things, not to "go within 100 yards of the" complainant.
In a superseding information, defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [2]) in connection with an incident on October 12, 2009, at approximately 6:40 p.m., at 243 Euclid Avenue in Brooklyn. The information alleged that each order of protection directed "defendant to stay away from the" complainant, and that defendant had been advised in court of the issuance of each order. It further alleged that defendant "did follow closely behind [the complainant] in a motor vehicle while [she] was driving [her] vehicle on a public highway, and that defendant did exit [his] vehicle and physically place nude photographs of [her] on the windshield of [her] vehicle." It also alleged that the "above described actions caused" the complainant "to fear physical injury and to become alarmed and annoyed."
Prior to the commencement of a nonjury trial, the charge of criminal contempt in the second degree was reduced to attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]). At the trial, both the complainant and her father testified that the complainant had been the passenger in her vehicle, and that the father had been driving. He stopped the car and double-parked at 243 Euclid Avenue. He saw defendant walk up to the car and place four nude photographs of the complainant under the windshield wiper of her vehicle. The complainant testified that she heard the windshield wiper hit the front window, and saw the photographs under the wiper. The complainant screamed, and defendant walked away. After the trial, defendant was convicted of attempted criminal contempt in the second degree and harassment in the second degree.
On appeal, defendant claims that the superseding information was facially defective with respect to the harassment charge, as it alleged only a single stationary location where the incident had occurred. It did not allege how the complainant had determined that the vehicle that had been following her was defendant's vehicle. Nor did the superseding information allege how the complainant had recognized that defendant was driving behind her, or how she had determined that the following was intentional. The superseding information did not allege "where [the] following occurred," "how long [it] lasted," the make and model of the vehicles involved, or whether defendant "was following too close to the complainant's car." There were no allegations that defendant had made any obscene gesture, directed any obscenities to or threatened the complainant, and no allegations suggesting defendant's intent.
With respect to the criminal contempt charge, defendant contends that the superseding information did not allege that any of the orders of protection required him to stay 100 yards away from the complainant, or that he came within 100 yards of her. There was no allegation as to how defendant could have known that the vehicle in question belonged to the complainant, or that she was in the vehicle. The superseding information did not "set forth the factual basis for the conclusory allegation that [defendant] exited his unspecified vehicle and then placed photographs on the complainant's vehicle," or that she "personally saw these events [take] place."
Defendant further claims that the allegation that the complainant was driving her vehicle was false, as, at the trial, both the complainant and her father testified that the father was driving. Defendant claims that this false allegation negatively impacted the preparation of his defense "because he was charged under one factual scenario but at trial had to defend a different factual scenario."
" A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (People v Dreyden, 15 NY3d 100, 103 [2010], quoting People v Case, 42 NY2d 98, 99 [1977]). A misdemeanor information must set forth nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof (see People v Kalin, 12 NY3d 225, 228-229 [2005]; see CPL 100.15 [3]; 100.40 [1]). This standard is known as the prima facie case requirement, which is not the same as the standard of proof beyond a reasonable doubt required to be established at trial (see People v Smalls, 26 NY3d 1064, 1066 [2015]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]). However, as defendant raised no issue in the Criminal Court regarding the hearsay nature of any of the factual allegations of the superseding information, that aspect of the facial sufficiency requirement was waived (see People v Casey, 95 NY2d at 367; People v Martinez, 45 Misc 3d 134[A], 2014 NY Slip Op 51725[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Based on the above standards, we find that the allegations of the superseding information were sufficient to establish the charge of criminal contempt in the second degree (Penal Law § 215.50 [3]), as it alleged that defendant had violated orders of protection directing him to "stay away" from the complainant, in that he had followed closely behind her vehicle, and then exited his vehicle and placed nude photographs of the complainant on the windshield of the car she was in (see People v Kelly, 44 Misc 3d 1203[A], 2014 NY Slip Op 51001[U] [Crim Ct, NY County 2014]). In addition, the allegations of the superseding information were sufficient to support the charge of harassment in the second degree under Penal Law § 240.26 (2) (see People v Whidbee, 8 Misc 3d 1023[A], 2005 NY Slip Op 51239[U], *4 [Crim Ct, Kings County 2005]). An intent to harass "may be inferred from the conduct of a defendant" (People v Hoffstead, 28 Misc 3d 16, 21 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; see People v McTiernan, 13 Misc 3d 127[A], 2006 NY Slip Op 51664[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
Defendant's arguments that the superseding information was required to contain very detailed allegations regarding where defendant followed the complainant and how she knew it was defendant would subject the superseding information to an overly restrictive or technical [*2]reading and require proof that only had to be established at the trial.
The fact that the accusatory instrument alleged that the complainant had been driving, while, at trial, it was established that her father had been driving, and that the complainant had been the passenger, is of no moment. The ability to prepare a defense was not impaired by the fact that the complainant was the passenger rather than the driver. Defendant had to defend against the allegations that he had followed the complainant in her car, and that he had placed nude photographs of her on the windshield (cf. People v Warren, 17 Misc 3d 27 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Consequently, the superseding information was facially sufficient.
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 26, 2016