The People of the State of New York, Respondent, 
against
Edward Hardy, Appellant.




Appellate Advocates (Ronald Zapata of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi and Jonathan K. Yi of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered January 30, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.




ORDERED that the judgment of conviction is affirmed.
In an accusatory instrument filed in January 2015, defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]). The accusatory instrument alleged that, on or about "October 25, 2015," between 2:50 p.m. and 3:07 p.m., defendant entered the complainant's residence and began to yell and curse at her, which caused her annoyance and alarm. The instrument further alleged that the arresting officer, who had observed defendant inside of the complainant's residence, reviewed an order of protection, which had been issued on behalf of the complainant in Criminal Court, Queens County, and was in effect until September 9, 2015. Additionally, the accusatory instrument set forth that defendant was aware of the order of protection, which ordered him to stay away from the complainant, as a box contained therein was marked that he was advised in court of its issuance and content.
At a plea proceeding on January 30, 2015, the People orally moved to amend the date of the alleged occurrence in the accusatory instrument from October 25, 2015 to January 25, 2015. [*2]The Criminal Court granted the motion, over defense counsel's objection, finding that it was a typographical error and "a matter as to date, time, and place." Thereafter, defendant, through his counsel, expressly waived his right to be prosecuted by information and pleaded guilty to criminal contempt in the second degree in satisfaction of the entire accusatory instrument. Defendant was immediately sentenced to 90 days' imprisonment, and a new order of protection was issued for defendant to stay away from the complainant. On appeal, defendant contends, among other things, that it was not permissible for the court to grant the People's motion to amend the date of occurrence and that, without the amendment, the count of criminal contempt in the second degree, as charged in the accusatory instrument, was facially insufficient since the instrument alleged that the offense took place after the order of protection underlying the contempt charge had already expired.
At the outset, we note that, as defendant's facial insufficiency argument raises a jurisdictional issue, it is not forfeited upon his plea of guilty, and must be reviewed on appeal despite his failure to raise the issue in the Criminal Court (see People v Kalin, 12 NY3d 225, 229 [2009]; People v Konieczny, 2 NY3d 569, 573 [2004]; People v Alejandro, 70 NY2d 133 [1987]). Since defendant, through his counsel, expressly waived his right to be prosecuted by information as part of the plea agreement, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]; 100.40 [4] [a]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]).
This appeal raises the question of whether a local criminal court accusatory instrument can be amended by adding to or altering the factual allegations contained therein. We recognize that case law has been inconsistent in this area.[FN1]
 Prior to the enactment of the Criminal [*3]Procedure Law, the Court of Appeals, in People v Easton (307 NY 336, 338 [1954]), approved a City Court's order granting the People's pretrial motion, over defense counsel's objection, to amend the date of an incident alleged in an information, which charged the defendant with driving while intoxicated, from December 17, 1953 to December 17, 1952, finding that the amendment was "made solely to correct an obvious typographical error in the information." In Easton, as in the case at bar, the typographical error was to correct an information which set forth a date that had yet to come. The Court stated the following:

"We will not uphold a conviction obtained illegally or without jurisdiction, even though the record evidence stamps defendant plainly guilty. But to here sustain the reversal of the conviction and hold impermissible an amendment made solely to correct an obvious typographical error in the information — a date not yet come — would be to exalt form over substance, to enthrone technicality purely for its own sake. The police officer who had made the arrest and signed the information was in court at the time the amendment was sought and actually testified against defendant. Had that officer then and there sworn to a new information — with the year correctly given as 1952 — no valid objection could have been raised, for defendant had ample notice of the crime charged, and, as his attorney acknowledged, the correction of the date occasioned him no surprise or prejudice. Under the circumstances of this case, what could have been effected by the preparation of a new information was properly accomplished by amendment of the one already on file. There was neither reason nor necessity for another piece of paper.

. . .

Accordingly, as has elsewhere been held, a court has the power to amend an information even though the amendment may affect a matter of substance" (Easton, 307 NY at 338-339).

The subsequent enactment of the Criminal Procedure Law included two sections which authorize amendments: CPL 200.70, which deals with indictments, and CPL 100.45, entitled "Information, prosecutor's information, misdemeanor complaint; . . . amendment . . . ." The latter section specifies certain allowable amendments to prosecutor's informations and informations, providing, in relevant part, as follows:

"2. The provisions of section 200.70 governing amendment of indictments apply to prosecutor's informations.

3. At any time before the entry of a plea of guilty to or the commencement of a trial of an information, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of the accusatory part of such information by addition of a count charging an offense supported by the allegations of the factual part of such information and/or any supporting depositions which may accompany it. In such case, the defendant must be accorded any reasonable adjournment necessitated by the amendment" (emphasis added).

CPL 100.45 does not authorize the amendment sought herein. Subsection two applies only to prosecutor's informations, rather than the accusatory instrument sought to be amended in this case, which was purportedly an information. Subsection three, while applying to informations, only authorizes an amendment of the accusatory part of the information by charging an additional count—which count must be supported by the factual allegations already present—whereas, in this case, the People were seeking to amend the factual portion of the instrument, not to charge an additional count.

Based on their reading of CPL 100.45 (3), some courts have decided cases under the premise that an information can be amended only by adding a count and that an information (as opposed to a prosecutor's information) cannot be amended by adding to or altering its factual allegations (see e.g. Warren, 17 Misc 3d 27 [finding that, under CPL 100.45, the court lacked the authority to amend the time of the offense alleged in an information]; Hall, 4 Misc 3d 60 [finding that amendments of informations are generally only permissible to add additional counts, citing CPL 100.45]; Caravousanos, 2 Misc 3d at 9 [finding that it was not permissible to amend an information by adding certified copies of deeds and certificates of occupancy to amplify the factual allegations, noting that, "pursuant to CPL 100.45, an amendment can be made solely to add an additional count"]; Hempstead Video, Inc., NYLJ, Nov. 22, 1995 [finding that an amendment of an information to add and/or substitute defendants is not permissible]). However, while CPL 100.45 does not authorize the instant amendment, we conclude that that section should not be read to prohibit this amendment.[FN2]
 As set forth below, the authority for factual amendments to informations and complaints is found in the Easton case.

As a reading of Easton indicates, the Court of Appeals, prior to the enactment of the Criminal Procedure Law, permitted factual amendments to informations without citing any statutory authority therefor (see Easton, 307 NY at 339 ["a court has the power to amend an information even though the amendment may affect a matter of substance"]). The Court of Appeals has since stated that "there is no evidence of any legislative purpose—in enacting the [*4]pleading provisions of the Criminal Procedure Law in general . . .—to change and make more restrictive the criminal pleading requirements established in our earlier decisions" (People v Casey, 95 NY2d 354, 363 [2000]). Furthermore, in the context of a court's authority to accept a guilty plea, the Court of Appeals has specifically stated that such authority is conferred by common law in addition to statute (People v Keizer, 100 NY2d 114, 118 [2003] ["A court's authority to accept a (guilty) plea . . . is conferred by statute and common law"]). Consequently, we hold that, notwithstanding the fact that CPL 100.45 does not authorize factual amendments of informations and complaints, the common law rule of Easton still governs, and, thus, courts retain the inherent authority to permit factual amendments to these types of instruments pursuant to the guidelines set forth in Easton. Indeed, many post-CPL cases permitting factual amendments cite to Easton in determining whether an amendment to the factual allegations of an information is permissible (see e.g. Luciano, 54 Misc 3d 145[A], 2017 NY Slip Op 50263[U], *1; Donadeo, 44 Misc 3d 1202[A], 2014 NY Slip Op 50993[U], *3; Kurtz, 175 Misc 2d at 985; see also Matos, 32 Misc 3d 136[A], 2011 NY Slip Op 51472[U], *2; Iqbal, 31 Misc 3d at 97).

We note that there is also support within the Criminal Procedure Law for the proposition that the failure of CPL 100.45 to specifically authorize factual amendments to informations and complaints should not be read as the legislature's prohibition of such amendments. Such support is found in CPL 170.35, entitled "Motion to dismiss information, simplified information, prosecutor's information or misdemeanor complaint; as defective," which states the following:

"1. An information, a simplified information, a prosecutor's information or a misdemeanor complaint, or a count thereof, is defective within the meaning of paragraph (a) of subdivision one of section 170.30 when:

(a) It is not sufficient on its face pursuant to the requirements of section 100.40; provided that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend" (emphasis added). 

If the enactment of the Criminal Procedure Law was intended to limit factual amendments of local criminal court accusatory instruments to prosecutor's informations, which can be amended pursuant to CPL 200.70 (see CPL 100.45 [2]), CPL 170.35 could have so stated (see generally MacFawn v Kresler, 88 NY2d 859 [1996]). Instead, CPL 170.35 (1) (a) refers to amending "such an instrument," referring to all types of local criminal court accusatory instruments as enumerated in that section, and does not limit itself to prosecutor's informations or to CPL 200.70. (We are aware that the curative amendment provision of CPL 170.35 [1] [a] does not apply to this case, as that provision is invoked to avoid the granting of a pending motion by a defendant to dismiss for facial insufficiency and contemplates a cross motion or request by the People to amend, which was not the case here, as defendant made no motion to dismiss.[FN3]
)

We now turn to the question of whether the factual amendment sought in this case was permissible under Easton. Applying that standard, we find that the amendment herein, i.e., changing the date of the alleged occurrence from October 25, 2015 (a date which had yet to occur when defendant was charged) to January 25, 2015, was permissible, since it caused "no surprise or prejudice" (Easton, 307 NY at 338) but, rather, was designed to correct what was clearly a typographical error of which defendant should have been aware.

In evaluating the facial sufficiency of this accusatory instrument under the standards which govern a misdemeanor complaint, we find that, following the amendment, the complaint alleges facts of an evidentiary character supporting or tending to support the charge of criminal contempt in the second degree (see CPL 100.15 [3]; 100.40 [4] [a]) and provides reasonable cause to believe that defendant committed the offense charged (see CPL 100.40 [4] [b]).

Defendant's remaining contentions are either moot or lack merit.

Accordingly, the judgment of conviction is affirmed.

ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 01, 2019



Footnotes

Footnote 1: See e.g. People v Hillard, 59 Misc 3d 144(A), 2018 NY Slip Op 50721(U) (App Term, 1st Dept 2018); People v Manuel, 57 Misc 3d 142(A), 2017 NY Slip Op 51397(U) (App Term, 1st Dept 2017); People v Husain, 56 Misc 3d 73 (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017); People v Luciano, 54 Misc 3d 145(A), 2017 NY Slip Op 50263(U) (App Term, 1st Dept 2017); People v Sperandeo, 52 Misc 3d 135(A), 2016 NY Slip Op 51032(U) (App Term, 2d Dept, 9th & 10th Jud Dists 2016); People v Matos, 32 Misc 3d 136(A), 2011 NY Slip Op 51472(U) (App Term, 2d Dept, 9th & 10th Jud Dists 2011); People v Iqbal, 31 Misc 3d 94 (App Term, 2d Dept, 9th & 10th Jud Dists 2011); People v Martin, 23 Misc 3d 67 (App Term, 2d Dept, 9th & 10th Jud Dists 2009); People v Warren, 17 Misc 3d 27 (App Term, 2d Dept, 2d & 11th Jud Dists 2007); People v Hall, 4 Misc 3d 60 (App Term, 2d Dept, 9th & 10th Jud Dists 2004); People v Caravousanos, 2 Misc 3d 7 (App Term, 2d Dept, 9th & 10th Jud Dists 2003); People v Hempstead Video, Inc., NYLJ, Nov. 22, 1995 (App Term, 2d Dept, 9th & 10th Jud Dists 1995); People v Baron, 107 Misc 2d 59 (App Term, 2d Dept, 9th & 10th Jud Dists 1980); People v Donadeo, 44 Misc 3d 1202(A), 2014 NY Slip Op 50993(U) (Crim Ct, Queens County 2014); People v Kurtz, 175 Misc 2d 980 (Crim Ct, Queens County 1998).

Footnote 2: We note that some cases have found factual amendments of local criminal court accusatory instruments to be permissible, albeit with certain limitations, notwithstanding the lack of authorization therefor in CPL 100.45 (see e.g. Sperandeo, 52 Misc 3d 135[A], 2016 NY Slip Op 51032[U]; Matos, 32 Misc 3d 136[A], 2011 NY Slip Op 51472[U]; Iqbal, 31 Misc 3d 94). 

Footnote 3: It should be noted that when it is properly invoked, CPL 170.35 (1) (a) does not permit any and all factual amendments but, rather, specifies that an amendment is allowed "where the defect or irregularity is of a kind that may be cured by amendment." CPL 170.35 (1) (a) does not indicate what types of defects or irregularities are "of a kind that may be cured by amendment." To the extent that it is referring to a prosecutor's information, the kind of amendment permissible is set forth in CPL 100.45 (2) and invokes, in part, the following provision of CPL 200.70 (1):
~~"At any time before or during trial, the court may . . . order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits. Where the accusatory instrument is a superior court information, such an amendment may be made when it does not tend to prejudice the defendant on the merits" (emphasis added).
~~However, as noted, the curative amendment provision of CPL 170.35 (1) (a) is not limited to prosecutor's informations, but specifically refers to the other local criminal court accusatory instruments. We conclude that, with respect to informations and complaints, the kind of factual amendment permissible under CPL 170.35 (1) (a) is the kind which the Easton Court would have allowed, as Easton was in effect up until the time CPL 170.35 (1) (a) was enacted, and, thus, was the standard to which CPL 170.35 (1) (a) was referring. 
~~In reaching our conclusion that CPL 170.35 (1) (a) is referring to the Easton standard when dealing with the remaining types of local criminal court accusatory instruments, we are not unmindful of the fact that some cases have relied on, and felt limited by, CPL 200.70 (1) in determining the kinds of factual amendments to these instruments that are permitted by CPL 170.35 (1) (a) (see e.g. Husain, 56 Misc 3d 73; Sperandeo, 52 Misc 3d 135[A], 2016 NY Slip Op 51032[U]). However, we reject that proposition. First, CPL 170.35 (1) (a) fails to make any reference to CPL 200.70, whereas CPL 210.25 (1), which pertains to a motion to dismiss an indictment as defective and which contains virtually the same language as CPL 170.35 (1) (a), specifically references CPL 200.70 in delineating the kinds of amendments allowed. Second, the legislature, in enacting CPL 100.45 (2), only listed prosecutor's informations when authorizing amendments pursuant to CPL 200.70, not other local criminal court accusatory instruments.~~