The People of the State of New York, Respondent,
against
Nancy Yam Valderrama, Appellant.




Judith N. Berger, for appellant.
Office of the Brookhaven Town Attorney (Deirdre Cicciaro of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), rendered September 8, 2017. The judgment convicted defendant, after a nonjury trial, of violating Brookhaven Town Code § 82-10 (A), and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged in an information with violating Brookhaven Town Code § 82-10 (A), which provides, in pertinent part, that "it shall be unlawful for any rental occupancy to exist in any dwelling without the owner's first having obtained a rental registration from the Chief Building Inspector." The factual part of the information alleged that, at approximately 4:45 p.m. on October 26, 2015, a Town of Brookhaven investigator had ascertained that defendant owned the premises located at 29 William Penn Drive, Stony Brook, New York, as determined by a search of the records maintained by the Suffolk County Clerk's Office. The information further alleged that the investigator had "observed a single family dwelling in a residential district to be rented and occupied by a male and female tenant," and that, after she had searched "the records maintained by the New York State Department of Motor Vehicles," she had learned that defendant had an address in Queens, New York. A search of the records of the Town of Brookhaven Building Department revealed that no rental registration for the subject property had been issued.
At a nonjury trial, a town investigator testified that the premises located at 29 William Penn Drive, Stony Brook, New York, had been rented without the owner having obtained a rent registration from the Chief Building Inspector. The deed, admitted into evidence, established [*2]that the premises was owned jointly by defendant and Eva Wong. The town investigator testified further that she had obtained an address for defendant from the New York State Department of Motor Vehicles to establish that defendant did not occupy the premises in question. The town investigator further stated that she had concluded from her investigation that Wong did not reside at the premises and that the individuals residing there were not related to the owners. The District Court relied upon an address for Wong indicated on the deed which transferred title of the premises in question to her and to defendant as the basis for finding that Wong did not occupy the premises. The court invoked Brookhaven Town Code § 82-8 (E), which creates a rebuttable presumption that a premises is rented for a fee if the premises is not occupied by the legal owner thereof. Consequently, the District Court found defendant guilty of violating Brookhaven Town Code § 82-10 (A) and imposed a fine in the sum of $4,000.
On appeal, defendant contends that the information is jurisdictionally defective and that the evidence was legally insufficient to establish her guilt beyond a reasonable doubt.
To be facially sufficient, an information must contain nonhearsay allegations of fact of an evidentiary character which establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360).
Here, the factual allegations of the accusatory instrument were not conclusory. The basis for the deponent's allegation of knowledge as to defendant's ownership of the property in question can be fairly inferred from the deponent's duties as a town inspector (see People v Ippolito,55 Misc 3d 135[A], 2017 NY Slip Op 50491[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Moreover, neither a deed nor records from the Department of Motor Vehicles needed to be annexed to the information (see People v Ippolito,55 Misc 3d 135[A], 2017 NY Slip Op 50491[U], *3). Furthermore, no specific allegation as to who had searched the records needed to be pleaded in the factual part of the information, as "the source of the validity of the [deponent's] knowledge is a matter to be raised at trial" (People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U], *2; see People v Casey, 95 NY2d at 360; People v Fischer, 6 Misc 3d 135[A], 2005 NY Slip Op 50213[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; People v Caravousanos, 2 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]).
Brookhaven Town Code § 82-8 (E) provides:
"Presumption of rent. Any dwelling, dwelling unit, rooming house, rooming unit or any other premises subject to this chapter shall be presumed to be rented for a fee and a charge made if said premises are not occupied by the legal owner thereof. This presumption shall be rebuttable."
Brookhaven Town Code § 82-10 (A) provides:
"It shall be unlawful for any rental occupancy to exist in any dwelling without the owner's first having obtained a rental registration from the Chief Building Inspector.
(1) It shall be an affirmative defense to a violation of Subsection A of this section that the rental occupant or occupants is/are immediate family members of the owner of the subject premises, as defined in this chapter."
In this case, the District Court erred in finding that the presumption of a rental for a fee under Brookhaven Town Code § 82-8 (E) was applicable. The court incorrectly relied upon the deed to establish that Wong did not occupy the premises. Indeed, the People's witness conceded that she had failed to obtain evidence relating to where Wong, the co-owner of the house, resided, so as to establish that she did not occupy it. Moreover, no evidence was admitted at trial to support the town investigator's conclusion that Wong did not reside in the house. In the absence of such proof, the court could not invoke the presumption that the house had been rented. Additionally, the People did not present any other evidence at trial to establish that the individuals alleged to be occupying the house were renting it. Consequently, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of violating Brookhaven Town Code § 82-10 (A).
In view of the foregoing, we need not pass upon the remaining issues raised in defendant's brief on appeal.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019